(No. 18744.—

C. Roy Campbell, *et al.* Appellants, *vs.* The Illinois Commerce Commission *et al.* Appellees.

*Opinion filed February 20, 1929—Rehearing denied April 19, 1929.*

MᴇCARTNEY & DUFT, for appellants.

CARROLL H. JONES, for appellees.

Mr. COMMISSIONER CROW reported this opinion:

The Evanston Bus Company filed its application with the Illinois Commerce Commission for permission to extend its bus line westward in Grant street from Hartrey avenue, to Ridgeway avenue, a distance of eight blocks, in the city of Evanston. The commission had previously granted permission to the company to operate its buses in certain streets, and by other orders had extended the routes upon which it might operate for the carriage of passengers to different parts of the city. Other transportation companies operating in the city were made parties to the application. None of them are resisting it. C. Roy Campbell, owning property on Grant street, filed objections to the application for the extension. The objections were afterward adopted by eighty property owners along the street and they entered their appearance as objectors. Upon hearing the evidence an order was entered by the commission granting the extension for the operation of motor buses between the points named. The objectors prosecuted an appeal to the circuit court of Cook county for a review of the proceedings and the order of the commission, and the order was approved and confirmed. From the judgment of the circuit court the objectors have appealed to this court for further review.

Evanston has a population of about fifty thousand. In extent it is three and a half miles north and south and two and a half miles east and west at the point immediately involved but is more narrow beginning three blocks south of Grant street. Aside from the transportation facility of the bus company for the immediate need of the points involved, the Evanston Street Railway Company furnishes the only public transportation near the points served by the bus company in the north and west parts of the city. The street

cars run east and west on Central street, four blocks north of Grant street and four blocks south of the north boundary of the city. They connect in the eastern part of the city with the line extending south. From Hartrey avenue the bus line extends east and southeast across the Sanitary District canal, then south to the Evanston high school, on the west side of the city, accommodating fifteen hundred students. The proposed extension of the bus line on Grant street from Hartrey west to Ridgeway will make a direct route from the high school to the territory adjacent to Grant street. That territory is directly served by no other means of public travel, and at the time of the hearing contained three hundred and ninety homes, was rapidly developing and the population increasing. The principal business center, lying in the eastern part of the city, is most readily reached by the residents on the adjacent blocks and lots north of Grant street, and by those south of it, over the extension. Two homes for old people are located on the extension and the bus line is used by many visitors to and from the homes. Transfers from one line to another are given to passengers.

It is contended that the evidence is not sufficient to support the order entered by the commission. The circuit court found the evidence sufficient to support the findings and order and approved them. "The right to review the findings of the Commerce Commission in a proceeding such as this is limited to the question whether the commission acted within the scope of its authority, whether the finding is without any foundation in the evidence, or whether a constitutional right has been infringed by such finding. (*Chicago, Milwaukee and St. Paul Railway Co.* v. *Public Utilities Com.* 268 Ill. 49; *Interstate Commerce Com.* v. *Union Pacific Railroad Co.* 222 U. S. 541.) Orders of the commission are entitled to great weight and can be set aside only if arbitrary or unreasonable or in clear violation of a rule of law. Courts should review or interfere with

296

them only so far as necessary to keep them within their jurisdiction and protect constitutional rights. (*People* v. *McCall,* 219 N. Y. 84.) The law does not authorize the court to put itself in the place of the commission, try the question anew and substitute its judgment for that of the commission. The court should not usurp legislative or administrative functions by setting aside a legislative or administrative order on its own conception of the wisdom of it. (*State* v. *Great Northern Railway Co.* 130 Minn. 57.) The courts will not interfere with an order of the commission when it does not appear from the record that the order is unlawful or unreasonable.—*Settle* v. *Public Utilities Com.* 94 Ohio St. 417." *Wabash, Chester and Western Railroad Co.* v. *Commerce Com.* 309 Ill. 412.

It is contended by appellants that no necessity for the bus exists and therefore the order is void. It is true that the term "necessity and convenience," in the Public Utilities act, does not refer to the convenience or necessity of the operator of the utility. Neither is the word "necessity," in the act, used in its lexicographical sense of indispensably requisite. If it were, no certificate of public convenience and necessity could ever be granted. The Commerce Commission has a right to, and should, look to the future as well as to the present situation. Public utilities are expected to provide for the public necessities not only to-day but to anticipate for all future developments reasonably to be foreseen. The necessity to be provided for is not only· the existing urgent need but the need to be expected in the future, so far as may be anticipated from the development of the community, the growth of industry, the increase in wealth and population, and all the elements to be expected in the progress of a community. *Wabash, Chester and Western Railroad Co.* v. *Commerce Com. supra.*

It is objected that Grant street is too narrow for the buses to operate in it. It is twenty-three feet wide between the curbs in some places though wider in others. The con-

tention of the objectors is that the cars of those living on the street are parked on both sides, thereby rendering the street dangerous for the operation of buses. It does not affect the legal right to the certificate of convenience and necessity granted on a full hearing. The commission heard all the evidence on those objections and did not consider them an obstacle to the right to operate buses in the street. Being an administrative body charged with the duty and responsibility of determining the policy of the use of the streets by buses, we are not authorized to say its determination was wrong.

It is objected that the city is zoned under the Zoning statute and that buses are not permitted in that residence zone. The zoning ordinance is not in the abstract, and if it affords a defense it has not been preserved for review.

It is contended that the street railway renders the bus system of transportation in Grant street unnecessary. The commission, no doubt, considered that contention and deemed it of little or no importance. According to its decision the weight to which it is entitled, the contention, under the evidence, is without merit. The railway extends north on the easterly side of the city to within four blocks of the northern boundary and extends at a right angle west in Central street. It is four blocks north of Grant street. It clearly does not afford as adequate service to the territory south, including the high school, as that rendered by the buses, which go directly to the school. It affords no service to those south of it in reaching the western part of the city.

There is no controversy between the bus company and the street car company. Those residing north or south of Grant street can go to Fountain Square, the business section of the city, more quickly on the buses than by the street car route. Some of the witnesses cited that fact in favor of the bus system over the street car line. Others emphasized the advantage of children and youth being brought

in closer and quicker contact with the high school, reached by no other public conveyance. A careful consideration of all the evidence impels to the conclusion that the bus company is not only a convenience but a necessity, in the sense the law imputes to the term.

The circuit court would not have been warranted in setting aside the order of the Commerce Commission, and its judgment approving the order is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*