**100 P.2d 225**

## FLOECK v. BUREAU OF REVENUE et al.

### No. 4491.

Supreme Court of New Mexico.

Feb. 29, 1940.

J. V. Gallegos, of Tucumcari, for appellant.

Wm. A. Watson and George Lougee, Asst. Atty. Gen., both of Santa Fe, for appellees.

BRICE, Justice.

This is an appeal from a judgment of the district court of Santa Fe County, affirming an order of the Bureau of Revenue cancelling a retail liquor license issued under the authority of Ch. 130, N.M.Laws 1937 (since repealed).

The Act in question conferred upon the Bureau of Revenue certain specified powers and duties with reference to liquor control, including the enforcement of the provisions of the Act; and to that end provided that "The Commissioner of Revenue shall establish a Division of Liquor Control in the Bureau of Revenue to administer the powers and duties conferred in the Bureau by and under the provisions of this Act. He shall appoint, with the approval of the Governor, a Chief of said Division * * *." § 203(a). As the chief of the Division of Liquor Control is the only executive officer provided for who could administer "the powers and duties" of that department, it may be inferred that all official acts of the Bureau are performed by him.

Among other powers conferred upon the Division of Liquor Control in the Bureau of Revenue, was: "To revoke, cancel or suspend licenses when the holder thereof has refused to comply with, or after notice from said Bureau has neglected to comply with, or has violated any of the provisions of this Act or any regulation promulgated by the Bureau, or who has been found guilty of the violation of any of the liquor laws of this State or of the United States, or whose local license has been cancelled by a municipality or Board of County Commissioners." Sec. 306, Art. III, Ch. 130, L. 1937.

It is provided by the Act that any person aggrieved by the findings and decisions made by the Bureau shall have the right of appeal to the District Court of Santa Fe County, which court " * * * shall have power, on application and upon notice to the Bureau and on due cause shown to grant an order staying the operation of the decision of the Bureau appealed from on such condition, and with such security as said court may prescribe. The Court shall not receive or take evidence on any question of fact upon which the Bureau has made a finding unless the petition shall set forth as a ground of complaint that a specific finding or findings of the Bureau was without evidence to sustain it. If the court shall decide that such finding or findings were without evidence to sustain it, or them, and that such finding or findings are material to the issues of the case, it shall then take further evidence with respect to such findings only, and then proceed to a final disposition of the case. Appeals from the decision of said court to the Supreme Court of the State of New Mexico may be made in accordance with the rules of said Supreme Court." Sec. 1303, Art. XIII, Ch. 130 L. 1937.

The Chief of the Division of Liquor Control delivered to the appellant the following notice:

"February 6, 1939
"G. E. Floeck, Jerry's Bar & Cafe
"Liquor License Number 1341 Dispenser
"Tucumcari, New Mexico

"You are hereby ordered to appear before the Bureau of Revenue, Division of Liquor Control of the State of New Mexico, at the County Court House at Tucumcari, New Mexico at one o'clock P. M. Thursday, February 9, 1939.

"To then and there show cause, if any you can, why your Dispensers License Number 1451 as issued by the Bureau of Revenue, should not be suspended or revoked as provided by Section 1105 and Section 1302 of Chapter 130, Session Laws 1937 of New Mexico.

"You are further notified that if you appear not, your said license will be revoked forthwith.

"Dated in Santa Fe, New Mexico, the 6th day of February, 1939.

"Bureau of Revenue
"Liquor Control Division
"[s]  S. T. Jernigan
"By Chief."

At the appointed time and place appellant appeared and made certain objections to a hearing, which were overruled by the Chief of the Division of Liquor Control, whereupon witnesses were called, sworn by the Chief of the Division, and testimony taken, which included statements in the form of affidavits made by witnesses who were not present to testify. Upon the conclusion of the hearing the Chief of the Division delivered his decision as follows:

"February 9, 1939
"Mr. G. E. Floeck
"Jerry's Bar and Cafe
"Tucumcari, New Mexico.
"Re: License #1451
"Dear Sir:

"Upon the statements that have been made in your presence at a hearing of this date, I find that you have violated the procedure of Section 1105, Article 10, of Chapter 130, Session Laws of 1937 and also of Section 1302 Article 13, Session Laws of 1937, I therefore, this date revoke your Dispenser's License No. 1451.

"Yours very truly,
"Bureau of Revenue,
"Division of Liquor Control
"S. T. Jernigan, Chief."

Appellant complains the court erred in failing to incorporate into his decision his requested findings of fact, and in adopting certain requested findings made by appellee.

The trial court made no decision as required by Sec. 105-813, Sts.Ann.1929. He wrote the words "granted" on certain requested findings, which we assume he intended to adopt, and "refused" on those he intended to reject.

If this is a "decision" as contemplated by the Statute, which may be doubted, the error, if any, is not properly before us for review. McDaniel v. Vaughn, 42 N.M. 422, 80 P.2d 417.

"This statute requires the district court to make a decision consisting of findings of such ultimate facts and conclusions of law stated separately as are necessary to support his judgment, in a single document; and that he sign and file such decision in the cause as a part of the record proper. The same result may be accomplished by incorporating the findings and conclusions in the judgment". McDaniel v. Vaughn, supra.

But, as indicated, we need not consider this error of the court. The appellant did not follow up the assignment mentioned, and totally disregarded Sec. 6 of Rule 15, which is as follows:

"Assertion of fact must be accompanied by references to the transcript showing a finding or proof of it. Otherwise the court may disregard the fact.

"A contention that a verdict, judgment or finding of fact is not supported by substantial evidence will not ordinarily be entertained unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. Such a statement will be taken as complete unless the opposite party shall call attention in like manner to other evidence bearing upon the proposition."

██ Likewise, the appellant failed to submit his assignments under points, as required by Sec. 14(5), Rule XV. His whole case is set out in one continuous argument without reference to assignments of error and without points or propositions of law The only reference in his argument to the assignment of error mentioned is as follows: "The trial court committed error, is our contention, in refusing appellant's requested findings of fact numbered one to twelve inclusive (Tr. 14 to 18) and in refusing appellant's requested conclusions of law numbered one to thirteen (Tr. 18 to 22) and in adopting requested findings of fact number one and conclusions of law numbered 1, 2 & 3 requested by appellees (Tr. 23 to 25) * * *"

Under the circumstances we will not search the record to determine whether the requested findings of fact should have been incorporated in the court's decision, or whether the court erred in adopting those requested by appellee. The appellant should have presented this assignment under propositions of law, supported by an argument which would tend to establish wherein the Court erred. Hobbs Water Co. v. Madera, 42 N.M. 373, 78 P.2d 1118; Dunn v. Town of Gallup et al., 38 N.M. 197, 29 P.2d 1053.

██ It is asserted that as the statute does not provide for notice or a hearing before the cancellation of a liquor license, that Sec. 306 of the Act, which we have quoted, is unconstitutional in that it authorizes the taking of property rights without due process of law. It is true that there is no provision in the statute providing for a notice or hearing; but appellant is deprived of no legal right in the constitutional sense.

The Liquor Control Division did not act judicially. Its duties were purely ministerial, notwithstanding it was required to determine the facts which authorized it to cancel appellant's license. Lorenzino v. State ex rel. James, 18 N.M. 240, 135 P. 1172.

■ The statute forbids the sale of intoxicating liquors except as provided therein. The right to sell liquor is within the control of the legislature. It is not a property right, but a privilege only, which may be revoked at any time by the power granting it.

■ If the statute had provided for notice and a hearing, then appellant's license could not have been cancelled without them. But in the absence of any such provisions the licensee had no legal right to be heard. Wallace v. City of Reno, 27 Nev. 71, 73 P. 528, 63 L.R.A. 337, 103 Am.St. Rep. 747; Martin v. State, 23 Neb. 371, 36 N.W. 554.

■ It is asserted that Sec. 1303 of the Liquor Control Act, which provides for an appeal, is in conflict with Sec. 24 of Art. 4 of the Constitution of New Mexico, which prohibits the legislature from passing local or special laws regulating the practice in courts of justice. The case of Mojave River Irrigation District v. Superior Court, 202 Cal. 717, 262 P. 724, 727, is cited as authority. But as appellant has resorted to that section of the Act to present his case to the district court and here, and in its absence he would be without remedy, we do not feel called upon to decide the question.

■ It is assigned that "the court erred in holding that Ch. 130 of the Session Laws of 1937 is constitutional." As no specific provision of the Constitution of the United States or that of New Mexico is stated with which the Act is in conflict, and the question is not presented under any proposition or point of law as the rules require, we do not feel called upon to decide the question.

■ Assuming the constitutionality of Sec. 1303, it did not undertake to vest in the district court the administrative function of determining whether or not the permit should be granted. It gave the court authority only to determine whether upon the facts and law; the action of the Commissioner in cancelling the license was based upon an error of law or was unsupported by substantial evidence or clearly arbitrary or capricious (Ma-King Products Co. v. Blair, 271 U.S. 479, 46 S.Ct. 544, 70 L.Ed. 1046); otherwise it would be a delegation of administrative authority to the district court in violation of the Constitution. Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; State v. Great Northern Ry. Co., 130 Minn. 57, 153 N.W. 247, Ann.Cas.1907B, 1201.

■ The New Mexico Liquor Control Act is an exercise of the police power of the state, for the welfare, health, peace, temperance and safety of its people. It prescribes the terms and conditions upon which licenses shall be issued and the grounds and procedure for their cancellation; all of which are made purely administrative.

We have reviewed the evidence sufficiently to satisfy ourselves that the Chief of the Liquor Control Division was authorized to cancel appellant's license as provided by the statute we have quoted.

The judgment of the district court is affirmed. It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.