129 P.2d 640

**CHIORDI v. JERNIGAN, Chief of Division of Liquor Control of Bureau of Revenue.**

**No. 4707.**

Supreme Court of New Mexico.

Sept. 23, 1942.

Barker & Remley, of Santa Fe, for appellant.

Rodey, Dickason & Sloan, of Albuquerque, for appellee.

BRICE, Chief Justice,

The question is whether the district court erred in setting aside an order of the Chief of Division of Liquor Control (hereinafter called "Chief of Division") revoking the appellee's retail license for the sale of intoxicating liquor in the City of Albuquerque.

The appellee was granted by the Board of Liquor Control a retail liquor license for the sale of intoxicating liquor in the City of Albuquerque subsequent to the issuance of a similar license to him by the City of Albuquerque. Before he had established his business the Chief of Division filed a charge against him under § 1703, N.M.L. 1939, c. 236, seeking to revoke his license upon the ground that he was not the real party interested in the business to be conducted under the state license granted to him, by which it is charged appellee violated § 701 (a) (5) of Ch. 236, N.M.L.1939, which is as follows:

"The following classes of persons shall be prohibited from receiving licenses under the provisions of this Act: * * *

"(5) A person who is not the real party in interest in the business to be conducted under the license for which application is made;" and § 1701 of said act as amended by § 10 of Ch. 80, N.M.L.1941, as follows:

"Whenever the Chief of Division, in any hearing in this Article provided for * * * shall find that any liquor license has: * * *

"(e) made any material false statement in his application for the license granted him under the provisions of this Act * * * he may suspend or revoke the license of such licensee."

The specific charge is that appellee is not the real person interested in the liquor business which is to be carried on by virtue of the license in question.

Provision is made by § 1703 of the Act of 1939, supra, for the filing of charges, the service of process and a hearing. It is further provided:

"(i) At any hearing on an Order to Show Cause the Chief of Division shall cause to be made a Record of Hearing which shall record (a) the style of the proceedings, (b) the nature of the proceedings including a copy of the Charge and a copy of the Order to Show Cause, each showing the return of service thereof, (c) the place, date and time of the hearing and all continuances or recesses of such hearing, (d) the appearance or non-appearance of the licensee, (e) if the licensee appear with an attorney, the name and address of such attorney, (f) a transcript of all evidence and testimony, and a copy or record of all exhibits introduced in evidence, (g) the findings of the Chief of Division as to whether or not the licensee is guilty of the acts, omissions or violations set out in the charge, (h) the order of the Chief of Division dismissing the proceedings on any alleged ground urged for revocation or suspension of which he does not find the licensee guilty, or the order of suspension or revocation, and if of suspension, the period for which the license is suspended."

The parties appeared in person and by counsel and after the taking of testimony the Chief of Division entered an order finding "that the defendant is guilty as charged" and thereupon revoked his retail liquor dealer's license.

The appellee appealed to the District Court of Santa Fe County, as provided by § 1705(a) of said act, as follows: "Any licensee aggrieved by any finding or findings of guilt or order of suspension, shall have the right within 30 days after the entry of such finding to appeal to the District Court of Santa Fe County for a review of such findings or finding, and/or order of suspension or revocation of license. The appeal shall be taken by filing a petition for review in the District Court of Santa Fe County setting forth the grounds of complaint against any finding of guilt or order of suspension or revocation. The matter on appeal shall be heard by the

Judge of said Court without a jury, and such Court shall hear such appeal at the earliest possible time granting the matter of the appeal a preference on the docket. The judge, for good cause shown may receive evidence in such proceedings in addition to that appearing in the Record of Hearing and shall set aside and void any order or finding which is not sustained by, or has been overcome by, substantial, competent, relevant and credible evidence."

The case was tried in the district court upon the testimony heard before the Chief of Division with the additional stipulation that appellee's father is in the liquor business; that he holds a dealer's license; that he is a citizen of the United States and qualified to hold a license. That appellee, prior to securing said license was an employee of his father, and is a citizen of the United States.

■■ The liquor control act is a police regulation and its purpose is, as stated therein, "to protect the public health, safety and morals of every community in this State." Section 801. Opportunity is given each county and city of more than five thousand population to prohibit the sale of intoxicating liquors therein. No person can sell liquors unless duly licensed to do so. An applicant for a license must measure up to the requirements of the law, and the power of suspension and revocation of licenses is adequate. In those communities in which the citizens prefer the sale of intoxicating liquors as opposed to prohibition the liquor control is intended to protect the people from the evils of the open saloon and the crimes and debaucheries that follow in its wake. The state has prescribed the terms under which it will grant such license and likewise the terms under which it may be revoked. It may give and it may take away through its constituted authority, and when such authority acts within the law, the courts are powerless to interfere with his administrative orders, or question the wisdom or expediency of his administrative acts in issuing or revoking licenses. Such license is a privilege and not property within the meaning of the due process and contract clauses of the constitutions of the State and the nation, and in them licensees have no vested property rights. Floeck v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225; Ma-King Products Co. v. Blair, 271 U.S. 479, 46 S. Ct. 544, 70 L.Ed. 1046; Blum v. Ford, Com'r of Revenue, 194 Ark. 393, 107 S.W. 2d 340; Commonwealth v. Hildebrand, 139 Pa.Super. 304, 11 A.2d 688; Yacht Club Catering v. Bruckman, 276 N.Y. 44, 11 N. E.2d 345; Klipssh v. Indiana Alcoholic Beverage Comm., 215 Ind. 616, 21 N.E.2d 701; Texas Liquor Control Bd. v. Jones, Tex.Civ.App., 112 S.W.2d 227; Texas Liquor Control Bd. v. Floyd, Tex.Civ.App., 117 S.W.2d 530; Bradley v. Texas Liquor Control Bd., Tex.Civ.App., 108 S.W.2d 300; Shupee v. Railroad Comm. of Texas, 123 Tex. 521, 73 S.W.2d 505; 30 A.J. "Intoxicating Liquors," §§ 147–149.

It is not our purpose to enter the controversy regarding the extent to which decisions of administrative bodies are sub-

ject to a judicial review. The courts are not in accord nor do the justices of some of the courts agree among themselves. See the opinions in Laisne v. State Board of Optometry, 19 Cal.2d 831, 123 P.2d 457. The questions here are as to the authority or jurisdiction of the district court in statutory appeals from an order of the Chief of Division of Liquor Control, and whether such officer committed errors of law in his decision in this case.

██ No provision is made on appeal for a trial de novo, and jury trials are specifically excluded. It is provided that the judge for good cause shown may receive additional evidence. It is obvious that he must review the evidence taken in the hearing before the Chief of Division. As the trial is not de novo the Chief of Division's decision on the facts must be reviewed as he heard it, and it could not be if additional evidence was authorized upon the question of whether appellee was the party in interest. It is our conclusion that the new evidence which may be admitted must be confined to questions of whether the Chief of Division acted fraudulently, capriciously or arbitrarily in rendering his decision. Ma-King Products Co. v. Blair, supra; Bloeck v. Bureau of Revenue, supra; Texas Liquor Control Board v. Floyd, supra.

██ The proceedings before the Chief of Division, while quasi judicial, were essentially administrative. The questions before the district court and here, are questions of law. They are, Whether he acted fraudulently, arbitrarily or capriciously in making his order, and, Whether such or-

der was supported by substantial evidence, and, generally, Whether the Chief of Division acted within the scope of the authority conferred by the liquor control act.

The appellee complains of the introduction of certain damaging testimony by appellant over his objection, testified to by members of the Ministerial Alliance of Albuquerque, to the effect that members of their respective congregations objected to the sale of liquor at the location in question; and to the introduction in evidence of many petitions signed by the members of these congregations, and other like testimony. This question is not in the case.

Appellee insists that it was the pressure resulting from this testimony that caused the revocation of his license. He calls attention to the fact that appellant requested all such testimony to be excluded from the record that was brought to this court, and that appellant in his brief admits that such evidence should not have been admitted, and should not have been considered by the Chief of Division, the district court or this court in arriving at a decision.

██ The pertinent question is, If counsel knew this damaging and wholly immaterial testimony was inadmissible under all legal rules, why was it offered? If the Chief of Division, who is not a lawyer, admitted it, how can it be consistently claimed it was not considered and affected the result? The witnesses are not to be criticized; they were required to testify. But this wholly immaterial and damaging testimony should not have been tendered or admitted.

It is provided by § 1703(*l*) (8) regarding proceedings before the Chief of Division for the revocation of licenses, as follows: "In any such proceedings the technical rules of evidence shall not be observed, but no order of suspension or revocation shall be based only upon incompetent or irrelevant testimony or evidence, but each such ground or charge upon which any order of suspension or revocation of license is based shall be supported by substantial, competent and relevant evidence and testimony appearing in the Record of Hearing."

Competent evidence means that which the very nature of the things to be proved requires as the fit and appropriate proof in the particular case. Horbach v. State, 43 Tex. 242; Hill v. Hill, 216 Ala. 435, 113 So. 306. It is evidence which in legal proceedings is admissible for the purpose of proving a relevant fact. State v. Petit, 144 S.C. 452, 142 S.E. 725; Bonnett v. Keiffer, 115 Or. 244, 237 P. 1; The Colusa, 9 Cir., 248 F. 21.

It is obvious that the legislature did not intend that proceedings should (at least in the absence of obvious injury) be invalidated by the admission of incompetent or irrelevant testimony; but it is equally plain that it was intended that no finding should stand that is not supported by testimony which in law would be substantial, competent and relevant.

"The terms 'relevancy,' 'competency,' and 'materiality' are frequently used conjunctively in such way as to suggest that they are synonymous. However, it is obvious that a matter may be relevant to the issues of the case and yet incompetent and inadmissible as evidence by reason of established rules of evidence, such as the rule which excludes hearsay, the rule which requires the production of the best evidence which is within the power of the party to produce, and other positive rules of evidence. Incompetent and irrelevant evidence cannot be converted into competent and relevant evidence simply because it is contained in an official communication." 20 A.J. "Evidence", § 245.

With some exceptions not necessary to mention here, hearsay evidence is incompetent and inadmissible to establish a fact, although such incompetency and inadmissibility may be waived by failure to object, in which case it may be considered if relevant.

The basis for its exclusion is that it is not subject to the tests which ordinarily can be applied to ascertain its truthfulness by cross-examination of the declarant; and because not given under the sanctity of an oath, and because the declarant is not subject to the penalties of perjury.

The appellee objected to certain testimony upon the ground that it was hearsay. The facts are these:

The witness, a reporter for the Albuquerque Journal, testified that he called appellee's father over the telephone regarding a protest against the opening of a liq-

uor business on the premises leased for that purpose by the Chiordis. He states:

"Q. Mr. Roper, who did you talk to in that telephone conversation? A. Well, the man on the other end of the line said he was Siro Chiordi.

"Q. Can you tell us the substance of that conversation?

"Mr. Dickason: For the record, I wish to object to this as being hearsay, it not being shown that these statements were made in the presence of the licensee, Tito Chiordi.

"Mr. Jernigan: The purpose of this hearing is more or less to get the facts, and we do not follow court procedure to the letter all the time. Objection overruled.

"Mr. Dickason: To which we object and except.

"Q. What was the substance of that conversation, Mr. Roper? A. Well, it seems to me I asked Mr. Chiordi—I think I tried to get Tito first and couldn't reach him either at his place of business or at his home, so I talked to Siro Chiordi, and I asked Siro what he thought of the latest developments of the protest, etc., and he, of course, was rather displeased, or upset, you might say. I asked him what he planned to do, and he said he would back out of the thing altogether so far as he was concerned if there was any way of recouping his financial losses—I think I rather jokingly said, 'There is small chance of that, isn't there'? He said 'Yes.' And as I recall, I said 'You are going ahead and will open it up?' 'Yes.' I said 'In spite of the protests?' 'Yes,' he said, 'I don't care if there are forty or fifty thousand protests.' In all fairness, I don't think Mr. Chiordi meant it the way it sounded. I think that was a figurative expression of his. And that closed the interview as far as I recall.

"Q. In other words, all you were doing was trying to get information to put into the newspaper? A. That is correct.

"Q. And you were talking to anybody that might furnish that information? A. That is right.

"Q. It was not your purpose to prove or try to prove whether Tito Chiordi owned the business or Siro owned it, you were merely giving information to the public as you could get it? A. That is correct."

██ This testimony was incompetent because it was hearsay and cannot be considered by this court in deciding the question of whether the findings of the Chief of the Division were supported by substantial evidence.

The statute contemplates that the charges must be proved by "substantial, competent, relevant and credible evidence". Appellant agrees to this and to the fact that the testimony to which we have made reference should not have been admitted in evidence as it was over appellee's objection, but asserts that the Chief of Division was not influenced by it. There was a purpose in offering this evidence, and that purpose necessarily was to influence

the decision. There could be no other object. How can counsel consistently argue, that the purpose for which the testimony was offered was not accomplished? We are not at all satisfied that appellee was accorded a fair trial. Under the statute appellant becomes both prosecutor and judge, and under such circumstances he should guard scrupulously against the appearance of unfairness and injustice in the trial.

There is no direct evidence which would establish the fact charged. It must be deduced wholly from inferences arising on the evidence. This testimony when considered all together is weak, though we do not hold it unsubstantial. We do not pass upon the question.

The appellee is entitled to a fair hearing. We are gravely in doubt whether he had one. We have concluded that in the interest of justice and fairness, he is entitled to a rehearing. Such hearing should be conducted as contemplated by the statutes.

The case is remanded to the district court with instructions to set aside its order and remand the cause to the Chief of Division with directions to the latter to set aside his order heretofore made and proceed further not inconsistent herewith.

It is so ordered.

SADLER, MABRY, and BICKLEY, JJ., concur.

ZINN, J., did not participate.