214 P.2d 769

**YARBROUGH v. MONTOYA, Chief of Division of Liquor Control.**

No. 5243.

Supreme Court of New Mexico.

Feb. 7, 1950.

Dean S. Zinn, Sante Fe, Attorney for Division of Liquor Control, Bureau of Revenue, Joe L. Martinez, Attorney General, for appellant.

Garland & Sanders, Las Cruces, for appellee.

McGHEE, Justice.

The appellee made application to the appellant, Chief of Division of Liquor Control, for a license authorizing him to sell intoxicating liquors at retail at Animas, Hidalgo County. Following an investigation by one of his liquor inspectors and some protests from citizens of the area, the appellant declined to issue the license. An appeal was then taken to the District Court of Santa Fe County pursuant to Section 61-516, 1941 Comp. (Supp), where the decision of the appellant was reversed with a direction to issue the license. This appeal followed.

Sec. 61-516, as amended by Ch. 87, Laws of 1945, reads:

"Any person, firm or corporation aggrieved by any decision made by the chief of division as to the issuance or refusal to issue any such additional license may appeal therefrom to the district court of Santa Fe County, by filling a petition therefor in said court within thirty (30) days from the date of the decision of the chief of division, and a hearing on the matter may be held in the district court which hearing shall be de novo. Provided, however, that the decision of the chief of division shall continue in full force and effect, pending a reversal or modification thereof by the district court unless otherwise ordered by the court for good cause shown.

"Any appeal from the decision of the district court to the Supreme Court shall be permitted as in other cases of appeals from the district court to the Supreme Court."

The petition appealing the decision of the Chief of Division to the District Court states that Yarbrough is qualified under the law to receive the dispenser's license applied for; that all formalities with respect to the making of the application have been met; that in denying the application the Chief of Division disregarded the recommendations of the Board of County Commissioners of Hidalgo County and abided by the wishes of several alleged citizens of Animas instead; that the public convenience and necessity requires the granting of the application; that the Chief of Division failed to take into consideration the population of the locality involved, the number of existing licenses in that locality, and that the granting of the license would not impair the public health, safety and morals of the area where the liquor establishment would be located.

The Chief of Division denied these various allegations, and pleaded affirmatively that his decision was based upon the petitions of substantial citizens of the community wherein the license was to be located; the general needs of the community for a dispensers license as requested; the number of licenses of all kinds in existence throughout the State of New Mexico and particularly in the general area in which the proposed license was to be situated; the population of the locality involved, and the public health, safety and morals of the locality and the area wherein the new license was sought.

The important question raised by this appeal is what must be proven before the district court may reverse an order of the Chief of Division denying an application for a liquor license in view of the provision for a de novo hearing granted by the 1945 amendment, and whether in making his decision the Chief of Division may only consider matters which would be admissible in a court of law.

The Chief of Division of Liquor Control is given broad discretionary powers under our liquor control act. It is stated in Sec. 61-501, 1941 Compilation:

"It is hereby declared to be the policy of this act that the sale of all alcoholic liquors in the state of New Mexico shall be licensed, regulated and controlled so as to protect the public health, safety and morals of every community in this state; and it is hereby made the responsibility of the chief of division to investigate into the legal qualifications of all applicants for licenses under this act, and to investigate into the conditions existing in the community wherein are located the premises for which any license is sought, before such license is issued, to the end that licenses shall not be issued to unqualified or disqualified persons or for prohibited places or locations."

Section 61-516, 1941 Compilation, reads, in part, as follows:

"All licenses provided for in this act shall expire on June thirtieth of each year, and may be renewed from year to year under the rules and regulations of the division. Any New Mexico wholesaler, rectifier, winer, wine bottler, retailer, club or dispenser licensee in good standing at the expiration of any license year, (June 30), shall be entitled to a new annual state license for the succeeeding license year if said licensee is otherwise entitled thereto under the provisions of this act. Provided, however, that at the beginning of any new license year (July 1), and throughout the new license year, the chief of division of liquor control shall have the authority to limit, in his discretion, the number of additional New Mexico wholesaler, rectifier, winer, wine bottler, retailer, club or dispenser licenses to be issued within the state and every political subdivision there-

of, and the chief division, in his discretion, may refuse to issue any such additional licenses. * * *

"In determining whether such new or additional licenses shall be limited or refused, the chief of division shall take into consideration the population of the locality involved, the number of existing licenses in the locality or area, and shall take into consideration the public health, safety and morals of such political subdivision, area or locality wherein any additional license is sought."

The statute granting the Chief of Division the use of wide administrative judgment with respect to new licenses is silent as to the manner or means whereby the investigation is to be made or the discretion is to be exercised. It does not provide for formal hearings and there is no requirement that he may only consider evidence that would be admissible in a court hearing.

The legislature realized that the duties of the Chief of Division were to heavy for one man to perform and provided for assistants, and to one of them was entrusted the task of making an investigation in the community for which the license was asked.

There is no inherent power in a citizen to sell intoxicating liquors by retail; it is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attended with danger to the community it may be entirely prohibited or be permitted under such conditions as will limit to the utmost its evils. Crowley v. Christensen, 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620.

On the question of the Chief of Division granting or revoking liquor licenses, we said in Chiordi v. Jernigan, 46 N.M. 396, 129 P.2d 640, 642:

" * * * The state has prescribed the terms under which it will grant such license and likewise the terms under which it may be revoked. It may give and it may take away through its constituted authority and when such authority acts within the law, the courts are powerless to interfere with his administrative orders, or question the wisdom or expediency of his administrative acts in issuing or revoking licenses. Such license is a privilege and not property within the meaning of the due process and contract clauses of the constitutions of the State and the nation, and in them licensees have no vested property rights."

We are further committed to the doctrine that the courts may not overrule the acts of administrative officers on matters committed to their discretion unless their actions are unlawful, unreasonable, arbitrary, capricious, or not supported by evidence. Floeck v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225, 228.

The applicant says this rule no longer obtains since the provision for a hearing de

novo was written into the liquor law in 1945. A sufficient answer to this contention is found in Floeck case, supra, wherein speaking of the powers of the District Court on appeal under the 1937 liquor act, we said:

"Assuming the constitutionality of Sec. 1303, it did not undertake to vest in the district court the administrative function of determining whether or not the permit should be granted. It gave the court authority only to determine whether upon the facts and law, the action of the Commissioner in cancelling the license was based upon an error of law or was unsupported by substantial evidence or clearly arbitrary or capricious (Ma-King Products Co. v. Blair, 271 U.S. 479, 46 S.Ct. 544, 70 L.Ed. 1046); otherwise it would be a delegation of administrative authority to the district court in violation of the Constitution."

See also the case of Harris v. State Corporation Commission, 46 N.M. 352, 129 P.2d 323.

■ The duty of passing upon an application for a liquor license is not related to or an incident of the discharge of judicial duties.

We will adopt the construction of the amendment under which it can be held to be constitutional.

■ It appears from a reading of the record that the trial court adopted the view that on a trial de novo it had the right to sit as the Chief of Division and substitute its judgment as to whether a license should be granted on the evidence introduced before it, rather than appraising the action of the administrative official under the limitations above set out.

It also appears that it took the view that the administrative official could only justify his action in denying the license by showing that he acted on evidence admissible in a court of law. New York and Vermont have like statutory provisions for an appeal from the decision of the Liquor Control Authority. It is well stated in the New York case of Oval Bar and Restaurant v. Bruckman, 177 Misc. 244, 30 N.Y.S.2d 394, 395:

"There is no statutory direction as to the form which the investigation of the Authority should take. Section 119 of the Alcoholic Beverage Control Law prescribes a formal hearing in the case of a revocation or cancellation. No such requirement is demanded for the denial of an original application for a license, or for the renewal thereof. The inference is that the Authority may act upon the basis of any knowledge or information available to it, so long as its action is not arbitrary or capricious, but is made in good faith and with a view of advancing the purpose and policy of the law."

See the following case for a similar holding: Stachura v. O'Connell, 271 App.

Div. 162, 63 N.Y.S.2d 611; State ex rel. Billado v. Wheelock, 114 Vt. 350, 45 A.2d 430, and State ex rel. Renner v. Noel, 346 Mo. 286, 140 S.W.2d 57.

In addition, Sec. 61-516, 1941 Comp., requires the posting of a notice on the premises for which a liquor license is sought for a period of twenty days. The only purpose of such a posting is to give notice of the application so any interested parties may protest. As no provision is made for a hearing of the protest of individuals, it seems that this section contemplates protests may be in writing or orally.

Based upon the foregoing, we conclude:

1. That the Chief of Division is vested with a wide discretion in granting or refusing applications for liquor licenses.

2. That he is authorized to make an investigation as set out in the statutes either personally or through his employees, and base his decision on facts learned or reported to him, and what he deems to be the public interest.

3. That in conducting such investigation it is not required that he consider only matters that would be admissible in a court of law.

4. That the District Court of Santa Fe County in a hearing on an appeal from the decision of such administrative officer may only reverse it where it is established by the evidence that the action of such official was unreasonable, arbitrary or capricious.

The judgment will be reversed and the cause remanded to the District Court for a new trial in accordance with the views herein expressed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.