314 P.2d 894

FERGUSON–STEERE MOTOR COMPANY, a corporation, and E. B. Law and Son, Inc., a corporation, Plaintiffs-Appellees,

v.

STATE CORPORATION COMMISSION of New Mexico, John Block, Jr., James F. Lamb, and Ingram B. Pickett, Members of said Commission, Defendants-Appellants,

and

Whitfield Tank Lines, Inc., a corporation, Intervenor-Appellant.

No. 6053.

Supreme Court of New Mexico.
June 10, 1957.
Rehearing Denied Sept. 20, 1957.

Jack L. Smith, Asst. Atty. Gen., for State Corp. Commission,

O. Russell Jones, Santa Fe, William J. Torrington, Albuquerque, for Whitfield Tank Lines, Inc.

Robert E. Fox, Santa Fe, for Ferguson-Steere Motor Co.

Donovan N. Hoover, Robert D. Nordstrom, Santa Fe, for E. B. Law and Son, Inc.

GARNETT R. BURKS, District Judge.

Where it is necessary herein to distinguish between the appellants, State Corporation Commission of New Mexico will be referred to as the Commission, John Block, Jr., James Lamb and Ingram B. Pickett as the Commission members, and Whitfield Tank Lines, Inc., a corporation, as the intervenor. Otherwise the parties will be referred to as appellants and appellees.

This action was commenced before the Commission by the intervenor filing an application for a Certificate of Public Convenience and Necessity to transport petroleum and petroleum products in bulk in tank trucks and trailers over irregular routes and under non-scheduled service between all points and places in New Mexico.

A hearing on intervenor's application was held before the Commission commencing December 14, 1954, at which appellees appeared and protested the granting of the certificate. Following the conclusion of such hearing the Commission, by order dated January 20, 1955, ordered the granting of authority to intervenor to transport petroleum and petroleum products as requested in the application therefor, excluding therefrom, however, crude oil and liquefied petroleum gases. Appellants appealed to the District Court of Santa Fe County from the Commission's order pursuant to the provisions of Section 64–27–68

et. seq., 1953 Comp., naming the Commission and Commission members as defendants. The intervenor was allowed to intervene in the action before the District Court. The lower court rendered judgment in favor of the appellees and ordered the Certificate of Public Convenience and Necessity granted by the Commission to the intervenor pursuant to the Commission's Order of January 20, 1955, vacated and set aside, and from this judgment the appellants have appealed to this Court.

Prior to, and at the time of, the filing of its application for such certificate, intervenor has engaged in transporting gasoline, diesel, coal oil and petroleum products over irregular routes and under non-scheduled service from Artesia, New Mexico, to points in twenty-seven counties in this state, including Bernalillo County, under a Certificate of Public Convenience and Necessity previously issued to it by the Commission. It was anticipated that the completion and use of a pipeline proposed to be constructed by the Standard Oil Company of Texas from El Paso, Texas of Albuquerque, New Mexico, would have the effect of moving the intervenor's source of supply from Artesia to Alburquerque. At the time of the hearing before the Commission, construction of the pipeline had not been completed and no part of the pipeline was in use.

In the lower court, the appellees sought to have the order of the Commission of January 20, 1955, vacated and set aside, and also sought an injunction pendente lite against the appellants. The injunctive relief prayed for was denied and no appeal having been taken therefrom, the matter is now before this Court solely on the District Court's action vacating and setting aside the certificate issued by the Commission pursuant to its said order of January 20, 1955.

Appellants set forth twenty-five assignments of error presented under four separate points:

"1. The Court erred in finding that the Commission's order was based on surmise, conjecture and speculation and was not supported by competent and substantial evidence.

"2. The Court erred in finding that the Commission's order was arbitrary, capricious, and confiscatory.

"3. The Court erred in finding that the Commission had not substantially complied with existing statutes and requirements.

"4. The Court erred by completely misconceiving the nature of the proceedings contrary to the laws applicable to such cases and the manner and conduct therein."

The pertinent findings of fact made by the Commission may be summarized as follows:

"1. That a common carrier pipeline for the transmission of petroleum

and/or petroleum products was then under construction between El Paso, Texas and Albuquerque, New Mexico, with a completion date of on or before February 10, 1955.

"2. That completion of said pipeline would result in a shift of the source of the commodities involved moving to points in New Mexico from present sources at Artesia, New Mexico, El Paso, Texas, and other supply points, to the pipeline terminal at Albuquerque, New Mexico, resulting in loss of business to the Intervenor unless it be allowed to follow the traffic to the new source of supply at Albuquerque, New Mexico; that as a result of such loss of business, Intervenor would be forced to curtail its services with a consequent loss thereof to the shipping public.

"3. That a public need exists for the services of the Intervenor in transporting the commodities involved from the new source of supply resulting from the construction of the proposed pipeline."

The trial court found generally that the pertinent findings and order of the Commission were not supported by substantial or competent evidence, were conjectural and speculative, unlawful, unreasonable, arbitrary and capricious.

▪ Unreasonable was defined by this Court in Harris v. State Corporation Commission, 46 N.M. 352, 129 P.2d 323, as capricious, arbitrary or confiscatory. In Floeck v. Bureau of Revenue, 44 N.M. 194, 100 P.2d 225, we held in effect that an order not supported by substantial evidence was arbitrary or capricious. See also Wisconsin Telephone Co., v. Public Service Commission, 232 Wis. 274, 287 N.W. 122, 593. It appears that an order of an administrative body which is not based on substantial evidence may properly be described as the trial court described the Commission's order in question.

At this point it might be well to review briefly the general rules governing the functions of the courts in matters of this nature.

▪ It was not within the province of the trial court, nor is it within the province of this Court, to consider any evidence other than that introduced at the hearing before the Commission. The Commission is an administrative body and the courts are limited in their review of the actions of such bodies. Harris v. State Corporation Commission, supra; Transcontinental Bus System, Inc., v. State Corporation Commission, 56 N.M. 158, 241 P.2d 829. It is well settled in this state that it is not the province of the trial court to re-try a case brought before it on appeal from an administrative body or agency or to substitute its judgment for that of the agency, but the trial court is limited to a determination of whether the administrative agency's action was legal or

reasonable. If the trial court did substitute its judgment and discretion for that of the Commission, the trial court erred and its judgment must be reversed. On the other hand, the courts are vested with the power and authority to set aside an order of such agency if it is unreasonable, unlawful, arbitrary, capricious, or not supported by evidence. Transcontinental Bus System, Inc., v. State Corporation Commission, supra; Kopec v. Buffalo Brake Beam Acme Steel & Malleable Iron Works, 304 N.Y. 65, 106 N.E.2d 12; Floeck v. Bureau of Revenue, supra; Yarbrough v. Montoya, 54 N.M. 91, 214 P.2d 769; Spencer v. Bliss, 60 N.M. 16, 287 P.2d 221; Seward v. Denver & R. G. R. R. Co., 17 N.M. 557, 131 P. 980, 46 L.R.A.,N.S., 242; Seaberg v. Raton Public Service Co., 36 N.M. 59, 8 P.2d 100; Wabash R. Co., v. Order of Railway Conductors, 402 Ill. 548, 84 N.E.2d 406; Outboard Marine & Mfg. Co., Johnson Motors Division v. Gordon, 403 Ill. 523, 87 N.E.2d 610.

Bearing in mind the rule that the trial court is not to substitute its judgment and discretion for that of the Commission, and is limited in its review of a determination of whether the Commission's action was reasonable and lawful, we must determine whether the Commission's action was based upon substantial evidence, and such determination disposes of all of the issues involved in this appeal.

Appellees urge the proposition that the Commission's finding that the pipeline was actually under construction at the time intervenor's application was filed was based on hearsay evidence, and that accordingly the Commission's order predicated in part upon such finding was erroneous.

The Commission is an administrative agency and it is well established that the rules governing the admissibility of evidence before administrative boards are frequently relaxed for the purpose of expediting administrative procedure. Consolidated Edison Co., v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126. The rules relating to weight, applicability or materiality of evidence, however, are not thus limited. National Labor Relations Board v. Illinois Tool Works, 7 Cir., 119 F.2d 356. A number of states have enacted statutes governing the admissibility of evidence before such agencies, but New Mexico is not one of them. Sec. 64–27–8, 1953 Comp., N.M. Stats., requires the Commission to base its findings on evidence. Hearings before administrative bodies need not be conducted generally with the formality of a court hearings or trial, but the procedure before such bodies must be consistent with the essentials of a fair trial, Wisconsin Telephone Co. v. Public Service Commission, supra; National Labor Relations Board v. Indiana & M. E. Co., 318 U.S. 9–36, 63 ·

S.Ct. 394, 87 L.Ed. 579. The order of the administrative agency must be based upon substantial evidence. Wabash R. Co. v. Order of Railway Conductors, supra; Carroll v. Knickerbocker Ice Co., 218 N.Y. 435, 113 N.E. 507; Consolidated Edison Co. v. N. L. R. B., supra. This Court has consistently held that the courts may not overrule the acts of administrative officers on matters committed to their discretion unless their actions are unlawful, unreasonable, arbitrary, capricious, or *not supported by evidence,* and that in reviewing the action of such bodies, the trial court is bound by the substantial evidence rule, that is, whether the findings of the administrative body are supported by substantial evidence. Floeck v. Bureau of Revenue, supra; Harris v. State Corporation Commission, supra; Yarbrough v. Montoya, supra; Transcontinental Bus System v. State Corporation Commission, supra; Ferguson-Steere Motor Co. v. State Corporation, 62 N.M. 143, 306 P.2d 637. We commented upon these matters in Baca v. Chaffin, 57 N.M. 17, 253 P.2d 309, 311, which was a case involving an appeal from a finding of the Chief of Liquor Control Division, Bureau of Revenue. In that case we said: "There must be some substantial evidence of probative character to sustain the finding of the liquor authority, or else its decision will be set aside, but its presence is absolutely necessary. A finding without some evidence of probative value would be arbitrary and baseless. A fair trial is the antithesis of an arbitrary trial. A trial which proceeds to a conclusion resulting in a quasi-judicial determination depriving appellee of legal rights, can well be said to be unfair if the determination is necessarily based on a finding of fact which is not supported by proof of a probative character." There must at least be such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. Kopec v. Buffalo Brake Beam Acme Steel & Malleable Iron Works, supra. Mere uncorroborated hearsay or rumor does not constitute substantial evidence. Consolidated Edison Co. v. N. L. R. B., supra; Carroll v. Knickerbocker Ice Co., supra; Special Indemnity Fund v. Knight, 201 Okl. 24, 200 P.2d 766.

A consideration of the record before us in the light of these principles leads to the conclusion that there was sufficient evidence of a substantial and competent nature, and having a rational probative force or value, to warrant the Commission finding that the pipeline in question was actually in the process of being constructed at the time the intervenor filed its application. A great deal of the so-called "hearsay testimony" to which the appellees now object went into the record without objection, and a large part of it was in fact elicited by

counsel for the appellees. The record further shows that appellee Ferguson-Steere Motor Company was at the time in the process of constructing a truck terminal in Albuquerque, to be completed at the same date the pipeline flow was to commence, and that appellee E. B. Law and Son had, at the time of the hearing, purchased a site near the Standard Oil plant in Albuquerque for the erection of a terminal. The construction of the pipeline appears to have been a matter of common knowledge in the industries concerned, and considering all of the facts and circumstances in evidence before the Commission, we find the Commission was justified in finding as it did on this point.

The appellants contend that since the source of supply of the commodities involved will be changed from Artesia and El Paso to Albuquerque by the use of the pipeline, appellant Whitfield Tank Lines, Inc., should be permitted to follow the commodities to the new source.

We are not unmindful of the private rights of the carriers involved in cases of this nature. These rights were apparently recognized by the Legislature in the enactment of § 64–27–8, 1953 Comp. whereby in connection with the issuance of Certificates of Public Convenience and Necessity provision is made for the giving of notice of hearing on the application to the officer or owner of every common carrier that is operating, or has applied for a certificate to operate, in the territory proposed to be served by the applicant, etc. We agree with the statement contained in Slusher v. Safety Coach Transit Co., 229 Ky. 731, 17 S.W.2d 1012, 1013, 66 A.L.R. 1378, in which the Court said: "It is essential to the proper use of the highways, and to secure adequate service to the public, that the business of motor transportation for hire should be regulated, and those who avail themselves of the regulations and observe them must be protected from unfair competition by those who do neither."

While the private rights of the carrier are to be recognized and protected within limits, the first and paramount concern of the Commission in determining whether a Certificate of Public Convenience and Necessity should be issued is the public welfare. Ortega Co. v. Triay, 260 U.S. 103, 43 S.Ct. 44, 67 L.Ed. 153. § 64–27–8, 1953 Comp. provides generally that the Commission may issue such certificate if it finds from the evidence that the public convenience and necessity require the proposed service, and otherwise such certificate shall be denied. This section further provides that before granting the certificate, the Commission shall take into consideration existing transportation facilities in the territory for which the certificate is sought, and in case it finds from the evidence that the service furnished by existing

transportation facilities is reasonably adequate, the Commission shall not grant such certificate. Under our statutes governing the issuance of such certificates, the fact that a transportation facility has rendered service in one area or territory does not of itself entitle it to authority to operate in another area or territory in which reasonably adequate transportation facilities exist. The terms "necessity" and "convenience", as used in the statute, do not refer to the necessity and convenience of the carrier, but to the necessity and convenience of the public. Campbell v. Illinois Commerce Commission, 334 Ill. 293, 165 N.E. 790; Utah Light & Traction Co. v. Public Service Commission, 101 Utah 99, 118 P.2d 683, see also annotation 67 A.L.R. 957. We are therefore of the opinion that under the statutes of New Mexico a utility or carrier is not, as a matter of right, necessarily to be permitted to follow the source of supply of a particular commodity absent a showing that the public convenience and necessity require such, and we do not find that such requirement has been established in this case by substantial evidence.

The authority, if any, of the Commission to anticipate future public needs in the transportation field has been discussed by counsel. It is well settled that agencies of the nature of the Commission derive their powers only from the constitution or statutory provisions granting such, and have no authority except such as is expressly bestowed upon them. Chicago Railways Co. v. Commerce Commission, 336 Ill. 51, 167 N.E. 840, 67 A.L.R. 938, such need must be established by substantial evidence having a rational probative force.

In the case of In re Coal Rates in New Mexico, 23 N.M. 704, 171 P. 506, this Court held that the burden was upon the Commission to produce evidence to warrant a proposed order where the proceeding was instituted by the Commission. The extension of the rule to include any interested party was recognized in In re Atchison T. & S. F. Ry. Co's. Protest of Rates, 44 N.M. 608, 107 P.2d 123. The general rule appears to be that the applicant for a license or certificate of the nature of a Certificate of Public Convenience and Necessity must prove by substantial and competent evidence that such need on the part of the public exists or will exist. The applicant must not only prove that he can render adequate service, but also that existing facilities are inadequate to meet the requirements of public convenience and necessity. Cincinnati Traction Co. v. Public Utilities Commission, 112 Ohio St. 699, 148 N.E. 921; Columbus Ry. Power & Light Co. v. Public Utilities Commission of Ohio, 116 Ohio St. 36, 155 N.E. 647; West Suburban Transp. Co. v. Chicago & W. T. Ry. Co., 309 Ill. 87, 140 N.E. 56;

Schwartz v. Illinois Commerce Commission, 409 Ill. 182, 98 N.E.2d 766.

The record in this case discloses no proof by competent and substantial evidence of the existence of any present need, or reasonably anticipated future need, for the applicant's services. Nor does the record disclose substantial evidence that the service of existing facilities is inadequate, or will be inadequate in the future, to meet the demands of public convenience and necessity. The mere fact that the public might find additional service more convenient is not of itself sufficient to warrant the issuance of the certificate. Both the convenience of the public and the necessity for the proposed service must be considered. Necessity as used in the statute does not mean indispensably requisite, but the Commission is bound to consider whether the proposed service is necessary in keeping with the public policy of regulating utilities that the public may be more efficiently served at lower cost than would be the case in the absence of such regulation.

It follows that the judgment of the trial court should be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.