In the Matter of YACHT CLUB CATERING, INC., Respondent, against HENRY E. BRUCKMAN et al., Constituting the State Liquor Authority of the State of New York, Appellants.

Argued September 27, 1937; decided November 23, 1937.

The following questions were certified:

" 1. Under Section 121 of the Alcoholic Beverage Control Law (Chapter 478 of the Laws of 1934), has the Supreme Court the power to stay the operation of Section 130 of the said law for any period in excess of thirty (30) days following the cancellation or revocation of a license or permit issued pursuant to the said law?

" 2. Where an application for an order of certiorari to review the actions of the liquor authority as provided in Section 121 of the Alcoholic Beverage Control Law (Chapter 478 of the Laws of 1934), and for a stay of operation for thirty days of Section 130 of said law, has been brought on by order to show cause, and said order to show cause contains a stay of operation of said Section 130 pending the determination of said application, has the Supreme Court the power, upon granting such application, to grant a stay of operation of said Section 130 for thirty days following the granting of such application for an order of certiorari? "

*Monroe I. Katcher, II*, and *William H. Ticho* for appellants. In a proceeding brought pursuant to section 121 of the Alcoholic Beverage Control Law (Cons. Laws, ch. 3-B) the Supreme Court has no power to stay the operation of section 130 of said law beyond an aggregate period of thirty days following the cancellation or revocation of a license. (*Crowley* v. *Christensen*, 137 U. S. 86; *Metropolitan Board of Excise* v. *Barrie*, 34 N. Y. 657; *Bertholf* v. *O'Reilly*, 74 N. Y. 509; *Matter of Yates* v. *Mulrooney*, 245 App. Div. 146; *People ex rel. Crane* v. *Hahlo*, 228 N. Y. 309; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *People ex rel. Durham R. Corp.* v. *La Fetra*, 230 N. Y. 429; *Masters* v. *Eclectic L. Ins. Co.*, 215 App. Div. 424; *State Board of Equalization* v. *Young's Market Co.*, 299 U. S. 59; *Mugler* v. *Kansas*, 123 U. S. 623; *Delamater* v. *So. Dakota*, 205 U. S. 93; *Foster* v. *Kansas*, 112 U. S. 201; *License Cases*, 5 How. 504; *Beer Co.* v. *Mass.*, 97 U. S. 25; *Matter of Bergemann*, 249 App. Div.

737; *Matter of Yates* v. *Mulrooney*, 157 Misc. Rep. 116; *Matter of De Pue*, 185 N. Y. 60; *People ex rel. Grant* v. *Warner*, 51 Hun, 53; 125 N. Y. 746; *Kroner* v. *Reilly*, 49 App. Div. 41; *Matter of Hilliard*, 25 App. Div. 222.)

No appearance for respondent.

LEHMAN, J. In February, 1937, the State Liquor Authority revoked the license of Yacht Club Catering, Inc. Such revocation is "subject to review by the supreme court in the manner provided in article seventy-eight of the civil practice act or by any other appropriate remedy provided that no stay shall be granted pending the determination of the matter except on notice to the liquor authority and for a period not exceeding thirty days." (Alcoholic Beverage Control Law, § 121; Cons. Laws, ch. 3-B.) Yacht Club Catering, Inc., initiated certiorari proceedings to review the revocation of its license " in the manner provided in article seventy-eight of the civil practice act," and on March 19th it secured an order to show cause why an order of certiorari should not be granted and why an order should not be made " staying all of the proceedings in connection with this matter on the part of the State Liquor Authority for a period of thirty days." The order to show cause was made returnable in three days, on March 22d, and contained a *stay pending the hearing and determination of the motion for an order of certiorari and for a stay of thirty days*. The motion was not determined until April 20th, more than thirty days after the signing and service of the order to show cause.

The order of April 20th granting the motion for an *order* of certiorari provides that " pending the determination of the certiorari proceeding herein and for a period of thirty (30) days from the entry of this order, the State Liquor Authority and the Police Department of the City of New York are hereby stayed from enforcing the cancellation order of the State Liquor Authority." An appeal was taken from that part of the order of certiorari

which grants a stay for a period of thirty days from the entry of the order. The Appellate Division has affirmed the order so far as appealed from and has granted leave to appeal to this court upon certified questions.

When the Legislature, in section 121 of the Alcoholic Beverage Control Law, provided that certain specified "actions by the liquor authority shall be subject to review by the supreme court," it at the same time restricted the power, which the court might otherwise have possessed, to grant a stay pending the determination of the review. The right of the Legislature to impose such a restriction is clear and is not challenged in this proceeding. Except for that restriction, the Supreme Court, under section 1295 of article 78 of the Civil Practice Act, would have power to direct that the execution of the determination of the Liquor Authority be stayed "pending the certiorari and until the further direction of the court." The Legislature has commanded that no stay shall be granted except for a period not exceeding thirty days, and the court must mould its decree in conformity with the statute. That is not disputed, but it is said that no stay has been granted for a period exceeding thirty days. In a formal sense that may be true; no stay has been granted by any order which in terms extends beyond thirty days, but by successive orders all proceedings have been stayed for over sixty days from the date of the order to show cause why the application for an order of certiorari should not be granted.

Argument is made that section 121 of the Alcoholic Beverage Control Law, like section 1295 of the Civil Practice Act, refers only to a stay of proceeding pending the determination of an *order of certiorari* or other order for review, and does not apply to an order to show cause *why such an order should not be granted*. The language of section 121 does not permit such construction. The issuance of an order of certiorari is only a step in the proceedings to obtain a review. The proceedings are

initiated by the order to show cause or other notice that an application for an order of certiorari will be made. The limitation upon the power to grant a stay applies at every stage of proceedings for review from the inception of such proceedings. That is clear from the language of the statute as well as from the nature of the problem which the statute was intended to solve.

The Legislature has provided that certain kinds of business shall be lawful only when licensed by the Liquor Authority. Subject to rules embodied in the statute or otherwise fixed by law, the Liquor Authority, and the Liquor Authority alone, must determine when it should give, withhold or revoke its sanction. To insure, however, that the Liquor Authority acts lawfully and to protect the rights of the individual, the determination of the Liquor Authority is subject to review by the court. Irreparable damage to the individual might result if, pending the determination of the court upon such review, an erroneous or arbitrary order of the Liquor Authority were enforced. On the other hand, respect for the law is weakened to the public detriment whenever the State is delayed, even by legal process, in stopping any act which is in fact unlawful and which has been declared unlawful by the public authority vested with power to determine its legality. Except in connection with the review of " actions by the liquor authority," the court which may review a determination of a public body in a certiorari proceeding has unrestricted power to weigh these opposing considerations and, in the exercise of a proper discretion, may protect the interests of an aggrieved individual by grant of a stay pending the court's review. (Civ. Prac. Act, § 1295.) In case of the review of a determination of the Liquor Authority the Legislature has, however, determined to place bounds upon the court's discretion. A stay may be granted, but only for a period of thirty days. Postponement of the enforcement of the order, which might result in continuance of an unlawful business, may not, under any circumstances,

extend further than that period. The Legislature supplemented the limitation by a provision in the same section intended to hasten the review: " Proceedings to review any action enumerated herein shall be entitled to a preference." The Legislature may have supposed that if an aggrieved person moved promptly a decision upon the review might be obtained within thirty days from the time when a stay is granted. The period may be too short. It is certainly too short where, as in this case, the petitioner for an order of certiorari must wait thirty days before the court decides whether an order of certiorari shall issue. Injustice to the individual may in such case result. Nevertheless, the Legislature has decided to impose that limitation, and the courts may not disregard it or give to the statute a construction which would thwart the legislative intent. The Legislature fixed a definite period beyond which the enforcement of the determination of the Liquor Authority may not be stayed. When it imposed that limitation it did not intend that the limitation might be evaded by successive stays. If undeserved hardship may be caused in cases where no decision in the proceedings for review is rendered within that period, doubtless courts which recognize that they cannot relieve from such injustice will endeavor to avoid it by prompt decision.

The orders should be reversed, without costs, and the second question certified answered in the negative. The other question is not answered.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.