In the Matter of the Application of RUDOLPH DE ANGELIS and AUGUST DE ANGELIS, Petitioners, for an Order against HENRY E. BRUCKMAN, Chairman, and Others, Constituting the State Liquor Authority of the State of New York, Respondents.

Supreme Court, Cattaraugus County, August 12, 1940.

*Pasquale P. Yannella,* for the petitioners.

*Francis V. McHugh, Counsel to the State Liquor Authority,* for the respondents.

HINKLEY, J.   The State Liquor Authority has revoked the license of petitioners.   This is an application to stay such revocation. Transcending this particular case is the broad question of the right of the Legislature to stalemate judicial procedure in the summer season.

Section 121 of the Alcoholic Beverage Control Law provides " that no stay shall be granted pending the determination of the matter except on notice to the Liquor Authority and for a period not exceeding thirty days."

Here the Liquor Board has on the last day of July revoked petitioners' license.   The next session of the Appellate Division at that time was scheduled forty-nine days later.   By virtue of section 1296 of article 78 of the Civil Practice Act, the Special Term of the court which is in session all summer, must transfer the proceedings for disposition to the Appellate Division.   Unless a stay is granted herein, the issues will become academic in the fall, and the Appellate Division will undoubtedly so hold.

Section 121, above referred to, has been given judicial interpretation (*Matter of Yacht Club Catering v. Bruckman,* 276 N. Y. 44), and the learned court stated that " the right of the Legislature to impose such a restriction [to limit a stay pending the determination of the review] is clear and is not challenged in this proceeding." Here that right is challenged.   The authority of the Legislature which gave to the court the power to review certainly had the right to tie the hands of the court, but not by unjust discrimination. The modern trend of legislative bodies to take from the courts the right to deal justly and to place the power of arbitrary action in the hands of administrative bodies, has sapped the strength of the judiciary.   The courts themselves have seen fit to employ the term " privilege " and recognize a different type of justice, if there can be different types, in the case of purveyors of spirituous liquors and parolees from prison.

No legislative body or Governor ever intended to give to the State Liquor Authority the arbitrary right, without judicial review, to destroy the business of every licensed purveyor of alcoholic liquors on the first day of July of every year.   Nor did they ever intend to give to individuals certain rights in the winter season which they refused in the summer months.

The testimony upon the hearing was shocking to any decent, clean-minded person.   It would be a fine thing if the action of the

State Liquor Board in revoking the license of a night club on a country road near the village of Portville in the rural county of Cattaraugus evidenced an intent to clear the night clubs throughout the State of foul-mouthed masters of ceremony and lascivious dances. That is too much to expect in these days when decency seems to be a relative term which thins out as the population thickens.

The court believes that the act of the Legislature in limiting a stay of thirty days was under the circumstances of this case an arbitrary, unjust, discriminatory act. With night clubs throughout the State, and particularly in congested regions, continuing to live up to the present standard, no great harm to the community here involved will ensue if the revocation is stayed until the next meeting of the Appellate Division, or until October 1, 1940, when petitioners may seek a renewal.

Order may be entered extending respondents' time to answer until August 20, 1940, and transferring these proceedings to the Appellate Division, Fourth Department, and granting to petitioners a stay until the determination of these proceedings in the Appellate Division.