In the Matter of SANFORD L. BARCUS, Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.— Application for a stay denied, without costs. Petitioner has already had stays which exceed a period of thirty days. The courts are without authority to grant a single stay or successive stays totaling more than thirty days. (Alcoholic Beverage Control Law, § 121; *Matter of Yacht Club Catering v. Bruckman*, 276 N. Y. 44.) Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

## (May 21, 1953.)

In the Matter of the Appointment of a Committee of the Person and Property of ROSE BRESKY, an Alleged Incompetent Person.— The appeal from the order of the Columbia County Court directing an inquiry into the competency of Rose Bresky has been pending since March 25th. We do not think that a stay of the now imminent trial of the issue of her competency should be granted at this time; and the papers presented on both sides of the question indicate that a justiciable issue has been presented and that the decision of the Judge to direct the inquiry was well within the frame of judicial discretion. We pass on no question involving criticism of any of the parties on either side; our determination is limited to a refusal at this stage of the appeal to interfere with the order directing a trial. Motion for a stay denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

## FOURTH DEPARTMENT, MAY, 1953.

### (May 6, 1953.)

ALBERT G. SMITH, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30830.) — Judgment modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings made. Memorandum: The claim is for damages arising out of the appropriation of parcel 30, a piece of unimproved marginal land, .03 of an acre in area. The sole damages resulting from the taking of this parcel is the value of the property taken, as we find no support in the record for any finding of consequential damage therefrom to the property remaining. Any damage caused to what remained of claimant's farm after the taking was not as a consequence of the taking, but was the result of other and unrelated causes, for which no claim has been made and for which no compensation should be had. The judgment should be modified by striking therefrom damages other than the market value of the parcel appropriated, and as modified, affirmed. All concur. (Appeal from a judgment for claimant on a claim for damages for appropriation of realty by the State.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.