Charles Lambiase, J.
This is an application brought on by petitioner for respondent to show cause ‘ ‘ why an order should not be made granting a stay of all legal effects resulting from a cancellation order issued by the respondent of the petitioner’s hotel liquor license, and why an order should not be made herein for the relief sought in the petition and for such other and *8 further relief as may be just in the premises.” (Order to show cause, dated Aug. 16,1960.)
On or about the 25th day of July, 1960 respondent issued a cancellation order directing that petitioner’s liquor license be cancelled, that the license be surrendered' forthwith to the State Liquor Authority or its duly authorized representative, and ordering that a liquidator’s permit be issued to the licensee on application therefor to sell his entire stock of alcoholic beverages to other licensees. (Cancellation order attached to moving papers.)
Subsequently and on the 27th day of July, 1960 an order to show cause was signed by a Justice of this court returnable at a Special Term of this court on the 15th day of August, 1960. The show cause order was initiating an article 78 of the Civil Practice Act proceeding to review the order of the State Liquor Authority canceling petitioner’s license, and it contained a stay. On the return day of the show cause order, the respondent, State Liquor Authority, argued that the stay contained therein, not having been granted on notice and, in fact, without notice to the respondent, was illegal and void and should be vacated. (Alcoholic Beverage Control Law, § 121.) We vacated the stay. Petitioner elected and was permitted to withdraw his article 78 proceeding without prejudice to renewing the same.
Thereafter and on the 16th day of August, 1960 a show cause order was signed by us, was served upon respondent, and was made returnable before us at Special Term on August 18, 1960. It contained notice of an application for a stay. On the return day petitioner argued for a stay of the original cancellation order for 30 days under section 121 of the Alcoholic Beverage Control Law. Respondent objected to a 30-day stay and maintained that petitioner had already had 18 days’ stay under the original show cause order signed by another Justice of this court.
We ordered transferred to the Appellate Division in accordance with article 78 of the Civil Practice Act for review in the first instance the petition and proceedings. There remains before us only this issue: Is the period of stay granted by the original show cause order on July 27, 1960 and vacated by us on August 15, 1960 to be counted against and to be included in the 30-day stay allowed to petitioner under section 121 of the Alcoholic Beverage Control Law of the State of New York? It is the contention of the State Liquor Authority that the 18 days of stay obtained by petitioner under the original show cause order must be included in the 30-day stay allowed by the statute. On the other hand, petitioner contends that the State Liquor *9 Authority is estopped from claiming that the original 18-day period obtained by virtue of the original show cause order is effective in view of the fact that it has had the stay vacated on the ground that it was improperly and illegally granted.
We are unable to agree with petitioner’s position. To sustain petitioner’s contention would result in extending the stay beyond the 30 days provided for by statute. (Alcoholic Beverage Control Law, § 121.) “ In case of the review of a determination of the Liquor Authority the Legislature has, however, determined to place bounds upon the court’s discretion. A stay may be granted, but only for a period of thirty days. Postponement of the enforcement of the order, which might result in continuance of an unlawful business, may not, under any circumstances, extend further than that period. The Legislature supplemented the limitation by a provision in the same section intended to hasten the review: ‘ Proceedings to review any action enumerated herein shall be entitled to a preference.’ * * * the
Legislature has decided to impose that limitation, and the courts may not disregard it or give to the statute a construction which would thwart the legislative intent. The Legislature fixed a definite period beyond which the enforcement of the determination of the Liquor Authority may not be stayed.” (Matter of Yacht Club Catering v. Bruchman, 276 N. Y. 44, 48-49.)
Petitioner, therefore, is hereby granted 12 additional days of stay to run from the date of service upon respondent’s attorney of a certified copy of the order to be entered herein with notice of filing thereof.