Margaret C. Bero et al., Respondents, *v.* State of New York, Appellant.  (Claim No. 43523.)

Third Department, November 25, 1969.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* and *Ruth Kessler Toch* of counsel), for appellant.

*James S. Fitzgerald* for respondents.

Cooke, J.  This is an appeal from a judgment entered July 20, 1967, upon a decision of the Court of Claims, awarding $81,150

plus interest for direct and consequential damages resulting from a partial taking for highway purposes.

In constructing Interstate Route 81, the State appropriated a strip containing 11.932 acres and a .272-acre drainage easement covering lands belonging to claimants in Cortland County. Affected by the appropriation was a 27.05-acre plot bounded on the east by the Delaware, Lackawanna & Western Railroad right of way, on the west by the meandering west branch of the Tioughnioga River and on the north and south by other land-owners. The actual taking ran roughly north and south through the plot, leaving a narrow 3.73-acre piece between it and the railroad right of way and an 11.4-acre area between it and the river. The State conceded on trial that the entire 27.05-acre area, which included the .382-acre stream bed under the Tioughnioga, was rendered valueless by the appropriation.

The claimants' appraisal expert testified that the highest and best use of the land was for the excavation of gravel, that there were no comparable sales in the immediate area of the taking, that he found comparables in the Buffalo and Rochester areas which he purported to adjust to conditions around claimants' property and that the per acre value of claimants' land affected was $8,100. The State's expert presented comparable sales of sand and gravel land in the immediate area of the Bero premises. The Court of Claims found that claimants' appraiser failed to give sufficient weight to comparables in the general area of the appropriated property and that the State's experts failed to make necessary adjustments to the sales submitted by them, concluding with an award of $81,150 for the actual effective appropriation of 27.05 acres of gravel lands, or $3,000 per acre, broken down to $35,800 for the taking in fee and $45,350 for the consequential damages to the remainder.

Appellant contends that any award based on gravel excavation land values for acreage under and on the banks of the Tioughnioga River is erroneous because excavating at said places would be prohibited except by permit, for which claimants have not demonstrated that they would qualify. While it appears from claimants' Exhibit 15 that said river is not navigable in fact under section 2 of the Navigation Law, there was no proof that claimants could obtain a permit within the guidelines either of section 429-a or 429-b of the Conservation Law. Since the burden of proof was upon claimants to show that the taking of part of their property caused damage to the remainder (*Farber* v. *State of New York*, 29 A D 2d 836; 4 Nichols, Eminent Domain [Rev. 3d ed.], § 14.21, subd. [2]; cf. *Smith* v. *State of New York*, 281 App. Div. 1064), their failure to prove legal capac-

ity to make use of the riverbed and bank for digging and removal resulted in damages measured according to the next highest use to which said portion of the property could be put. While respondents object to the State's ability to appropriate land and at the same time deny a permit allowing its most profitable use, the grounds for the grant or refusal of a permit are clearly outlined by statute and do not include the prevention of profitable development in anticipation of condemnation.

Evidence of sales of similar lands in the vicinity made in the ordinary course of business within a reasonable time of the vesting of title in the State is now admissible (Court of Claims Act, § 16; *St. Agnes Cemetery* v. *State of New York,* 3 N Y 2d 37, 44; *Matter of Huie* [*Fletcher-City of New York*], 2 N Y 2d 168, 171; *Village of Lawrence* v. *Greenwood,* 300 N. Y. 231, 237; 29 Albany L. Rev. 196), the receipt of evidence of sales of real property beyond the immediate vicinity of the subject property being a matter resting in the sound discretion of the Trial Judge (*Levin* v. *State of New York,* 13 N Y 2d 87, 92). In *Levin,* evidence of a sale eight miles distant in the same county was approved. In 5 Nichols, Eminent Domain [Rev. 3d ed.], § 21.31, subd. [1], it is stated that '' when the value of land depends upon its productiveness, similarity in character of the soil is more important than proximity, and evidence of the price paid for land of the same physical character * * * is admissible, though the land is situated in another town.'' Here, claimants' comparables are sales conducted many miles away, in neither the same town or county or even an adjoining one, and, since the discretion of the court below was not unlimited (5 Nichols, Eminent Domain [Rev. 3d ed.], p. 445) and in view of the existence of comparable sales in the vicinity and the many factors difficult to ascertain in considering sales at such distant points, the market adjustment was inadequate and the evidence as to Erie and Monroe County sales was inadmissible.

The judgment, payment and acceptance, without appeal, on a claim arising from the appropriation of a separate parcel belonging to claimants in the same vicinity and in which there was a $3,000 per acre award is not *res judicata* here, since the separate value considerations for each plot constituted different issues. The joint trial of the two claims was agreed upon as an expedient and claimants' attorney virtually insisted that the damage question as to each tract be proven, treated and adjudged separately.

The State's experts presented sufficient comparable sales evidence to establish the market value of claimants' gravel area,

as appropriated and as consequently damaged, and the proof justifies an award of $1,000 per acre for the 27.05 acres, less the underwater area of .382 acre for which damages should be based on the agricultural value of $500 per acre furnished by the State's expert and uncontroverted by claimants.

The judgment should be modified, on the law and the facts, so as to reduce the amount of the award from $81,150 plus interest to $26,859 plus appropriate interest, and, as so modified, affirmed, without costs.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and GREENBLOTT, JJ., concur.

Judgment modified, on the law and the facts, so as to reduce the amount of the award from $81,150 plus interest to $26,859 plus appropriate interest, and, as so modified, affirmed, without costs.