643 P.2d 618

STATE of New Mexico, Plaintiff-Appellee,

v.

David Fidel VIGIL, Defendant-Appellant.

No. 5344.

Court of Appeals of New Mexico.

March 23, 1982.

Roger A. Wagman, Juan B. Montoya, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant has been sentenced to the penitentiary either on the basis of secret or hearsay information, or both. The attorneys representing the State, at both the trial and appellate levels, vigorously defend this basis for incarceration. Such a basis is not defensible; it calls to mind the English starchamber proceedings. We discuss: (1) secret information and due process; and (2) use of hearsay in establishing a violation of probation.

Pursuant to a plea bargain, defendant pled guilty to larceny. Sentence was deferred and defendant was placed on probation. The State moved that probation be revoked; the motion was supported by a probation officer's report. The report referred to information that a detective had received from a confidential informant.

At the evidentiary hearing on the motion to revoke, the detective was permitted to testify, over defendant's objection, as to what the detective had been told by the confidential informant. Defendant sought disclosure of the informant. Disclosure was denied. The trial court directed that the informant (there were two) answer interrogatories under oath. This was done. The trial court reviewed these answers, which have been sealed; the trial court ordered that the material never be disclosed to the public, the defendant, or defendant's counsel, without a court order.

The sole basis, in the public record, for finding that defendant violated conditions of probation, was the detective's hearsay testimony. The sealed answers to interrogatories are to the effect that defendant violated the conditions of probation. The trial court's order, which revoked probation and sentenced defendant to the penitentiary, refers both to the hearsay and the secret information.

### Secret Information and Due Process

*Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), identified minimum due process rights of a defendant in connection with revocation of parole. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), extended those minimum rights to a defendant in connection with revocation of probation. See *State v. Sanchez*, 94 N.M. 521, 612 P.2d 1332 (Ct.App.1980).

Among defendant's due process rights in the probation revocation proceedings were: (a) written notice of the claimed violation, (b) disclosure to defendant of the

evidence against him, and (c) "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)".

The notice that defendant received (the report submitted as support for the motion to revoke probation) was that he had committed the crime of "possessing" stolen property in that defendant had stolen the property involved. We do not consider the ambiguity of this notice.

The "evidence" against defendant, which has been disclosed, was the detective's hearsay testimony as to what the confidential informant told the detective. The source of this information has not been disclosed to defendant, nor have the informant's sworn answers been disclosed to defendant. We do not, however, consider the nondisclosure further because it is unnecessary to do so.

█ Defendant has a right to confront and cross-examine an adverse witness unless the trial court "specifically finds good cause for not allowing confrontation". There was no effort by the trial prosecutor to provide a factual predicate for this "good cause" exception to confrontation. There was no specific finding by the trial court that there was good cause for not allowing confrontation.

*Morrissey*, supra, states: "[I]f the hearing officer determines that the informant would be subjected to risk of harm if his identity were disclosed, he need not be subjected to confrontation and cross-examination." The record indicates that the informant would refuse to testify against defendant if defendant should be charged with a stolen property offense. Such a refusal is insufficient to show that the informant would be subjected to a risk of harm if his identity were disclosed in a proceeding to revoke probation.

There being neither showing nor finding of cause for not allowing confrontation, defendant's due process rights of confrontation and cross-examination were violated to the extent the trial court relied on the informant's sealed answers in revoking probation. With this holding, we need not consider how nonconfronted information might properly be used in a revocation proceeding. On such use, see *Mason v. State*, 631 P.2d 1051 (Wyo.1981) and *Anaya v. State*, 606 P.2d 156 (Nev.1980).

*Use of Hearsay in Establishing a Violation of Probation*

The Evidence Rules regulate, in detail, the use of hearsay. Evidence Rules 801, 802, 803, 804 and 805. The rules apply to both criminal and civil proceedings. Evidence Rule 1101(b). The rules, however *do not* apply to proceedings for revoking probation. Evidence Rule 1101(d)(2).

For the proper usage of hearsay in a proceeding to revoke probation, we look to the law not involving the Evidence Rules. When, as in this case, the issue is whether defendant violated conditions of probation, *Morrissey*, supra, requires a finding "based on verified facts". See also, *Anaya v. State*, supra. The question is whether the hearsay, being the sole testimony supporting a violation, was sufficient to verify that defendant violated conditions of probation.

The conditions of probation, found by the trial court to have been violated, were that defendant violated the laws of New Mexico and endangered the property rights of a company that distributed beer. It is not disputed that a locked boxcar, located on the property of the distributing company, was burglarized and that numerous cases of beer were stolen. It is not disputed that 44 cases of the stolen beer were recovered from the garage and trailer of defendant's brother. These facts implicate the brother, not defendant.

How was defendant implicated? The detective testified that the informant told the detective (a) that defendant and another were involved in the burglary of, and larceny from, the boxcar; (b) that the stolen beer was stored in the brother's garage; (c) that defendant was seen drinking beer at his brother's trailer; and (d) that defendant knew the beer was stolen. According to the detective, the informant had personal knowledge of these items. If these facts were verified, they were sufficient proof of

752

a probation violation. See *State v. Brusenhan*, 78 N.M. 764, 438 P.2d 174 (Ct.App. 1968).

In considering whether the detective's hearsay testimony was sufficient to establish a violation of conditions of probation, we recognize (a) that a proceeding to revoke probation is not a part of a criminal prosecution, *Morrissey v. Brewer*, supra, and (b) that the proceeding may be analogized to a hearing before an administrative body where "[s]trict observance of technical rules of law and procedure" is not required, and where certain hearsay may be considered. *Robinson v. Cox*, 77 N.M. 55, 419 P.2d 253 (1966).

■ As a general proposition, hearsay is insufficient to establish a fact in an administrative proceeding. Hearsay was an insufficient basis to revoke a liquor license in *Chiordi v. Jernigan*, 46 N.M. 396, 129 P.2d 640 (1942); was insufficient to support the award of a certificate to transport petroleum products in *Ferguson-Steere Motor Co. v. State Corp. Com'n*, 63 N.M. 137, 314 P.2d 894 (1957); and was insufficient to support an order requiring a carrier to cease transporting crude oil in *McWood Corporation v. State Corporation Commission*, 78 N.M. 319, 431 P.2d 52 (1967).

*Chiordi v. Jernigan*, supra, states:

Competent evidence means that which the very nature of the things to be proved requires as the fit and appropriate proof in the particular case. [Citations omitted.] It is evidence which in legal proceedings is admissible for the purpose of proving a relevant fact.

\* \* \* \* \* \*

With some exceptions not necessary to mention here, hearsay evidence is incompetent and inadmissible to establish a fact, although such incompetency and inadmissibility may be waived by failure to object, in which case it may be considered if relevant.

The basis for its exclusion is that it is not subject to the tests which ordinarily can be applied to ascertain its truthfulness by cross-examination of the declarant; and because not given under the sanctity of an oath, and because the declarant is not subject to the penalties of perjury.

■ In revocation of probation proceedings, certain hearsay is competent. *Morrissey v. Brewer*, supra, indicates that letters and affidavits may be considered. *Robinson v. Cox*, supra, indicates that hearsay may be considered if "of probative value, even though it may be in the form of letters, reports of probation officers and similar matter \* \* \*."

This requirement for the use of hearsay, that it be of probative value, accords with its use in both criminal and civil cases. *State v. Romero*, 67 N.M. 82, 352 P.2d 781 (1960), states: "The fact that it was hearsay does not prevent its use as proof so far as it has probative value, but this is limited to the extent of whatever rational persuasive power it may have." Accord, *McWood Corporation v. State Corporation Commission*, supra; *H. T. Coker Const. Co. v. Whitfield Transp., Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App.1974).

Testimony in *State v. Romero*, supra, that somebody told my husband that defendant committed a burglary was held not to be substantial evidence to sustain the conviction. "[R]easonable men would find in it [the above testimony] little, if any, probative value on the issue of the guilt of the appellant." The "somebody" in *Romero*, supra, is similar to the "confidential informer" whose identity has not been disclosed in this case.

In *Anaya v. State*, supra, a probation officer testified as to the contents of an arrest report which had been prepared by the arresting officer. The probation officer's testimony was offered to establish a violation of the conditions of probation. *Anaya*, supra, states: "Neither the district court, the probationer, nor this Court on review could have any means of testing the accuracy or reliability of the facts recited in the report itself or of the probation officer's recollection of them." Compare *Chiordi v. Jernigan*, supra. In this case, neither the hearsay recited in the probation officer's

report nor the detective's testimony has been tested for accuracy or reliability.

In the law of evidence, if an item is "probative" it has the effect of proof; the item either "proves" or "tends to prove". Black's Law Dictionary (4th ed. 1951) "probative". An item does not have the effect of proof, that is, it is lacking in rational persuasive power, absent some basis for accepting the item as reliable.

In this case, the hearsay as to what the confidential informer told the detective (in both the probation officer's report and the detective's testimony) is insufficient to establish that defendant violated conditions of his probation. The hearsay, being untested for accuracy or reliability, lacks probative value; the result is that the revocation of probation does not rest on a verified fact. *Morrissey v. Brewer*, supra.

The order revoking probation and imposing sentence upon defendant is reversed.

IT IS SO ORDERED.

HENDLEY and DONNELLY, JJ., concur.