This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **NO. 33,510**

**DANIEL MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals the revocation of his probation. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a combined motion to amend the docketing statement and memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

{2}     We will begin with the motion to amend. Such a motion will only be granted upon a showing that the supplemental issue is viable. *See State v. Moore*, 1989-NMCA-073, ¶ 45, 109 N.M. 119, 782 P.2d 91 (providing that we deny motions to amend that raise issues that are not viable ), *superseded by rule as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. By his motion to amend, Defendant seeks to raise a claim of ineffective assistance of counsel. [MIO 16-20] Specifically, he argues that defense counsel should have called a witness and presented a letter that could have corroborated his version of the pertinent events. [MIO 16, 18-19] However, neither the letter nor the substance of the witness's testimony appear anywhere within the record before us. [MIO 6 fn. 2, 7] This is a fatal deficiency. *See State ex rel. Children, Youth & Families Dep't v. Athena H.*, 2006-NMCA-113, ¶ 14, 140 N.M. 390, 142 P.3d 978 (declining to consider a claim of ineffective assistance of counsel, on grounds that "matters not of record present no

issue for appeal"); *State v. Dartez*, 1998-NMCA-009, ¶ 27, 124 N.M. 455, 952 P.2d 450 (holding, in relation to a similar claim of ineffective assistance of counsel, that a defendant must demonstrate in the record what the beneficial testimony would have been, and thereby demonstrate prejudice). We therefore deny Defendant's motion to amend.

{3}      Defendant has also renewed his challenge to the sufficiency of the evidence to establish that he violated the terms and conditions of probation. [MIO 11-15] We remain unpersuaded. As we observed in the notice of proposed summary disposition, the State presented multiple written statements and photographic evidence tending to prove that Defendant committed battery on a household member. [MIO 4-7, 9] This provides ample support for the district court's determination that Defendant willfully violated his probation, particularly in light of the opportunity for cross-examination at the revocation proceeding. *See generally State v. Guthrie*, 2011-NMSC-014, ¶ 36, 150 N.M. 84, 257 P.3d 904 (observing that "an allegation that the probationer has committed another crime must be tested in the crucible of cross examination"); *State v. Neal*, 2007-NMCA-086, ¶ 41, 142 N.M. 487, 167 P.3d 935 ("[H]earsay evidence may be used in probation revocation hearings if it has probative value."); *State v. Vigil*, 1982-NMCA-058, ¶¶ 18-19, 22-24, 97 N.M. 749, 643 P.2d 618 (providing that hearsay such as letters and reports may be considered in probation revocation hearings

if of probative value, and explaining that the absence of opportunity to test hearsay for accuracy or reliability, through cross-examination or otherwise, tends to deprive that evidence of probative value). Similarly, the evidence was sufficient to support the district court's discretionary election to revoke Defendant's probation. *See generally* NMSA 1978, § 31-21-15 (B)(1989); *State v. Rivera*, 2004-NMSC-001, ¶ 21, 134 N.M. 768, 82 P.3d 939 (observing that the courts are vested with "broad discretion to sentence defendants to probationary terms and strictly monitor their compliance").

{4}    In his memorandum in opposition, Defendant focuses on evidentiary inconsistencies and weakness in the State's showing. [MIO 4-15] However, these were matters for the district court to resolve; on appeal, we are in no position to second-guess the district court's assessment. *See generally State v. Sanchez*, 1990-NMCA-017, ¶ 10, 109 N.M. 718, 790 P.2d 515 (observing that while acting as the finder of fact at a probation revocation proceeding, the trial court could properly weigh the evidence and the credibility of the witnesses). Defendant's assertion that the evidence is "equally consistent" with a hypothesis of innocence [MIO 15] is similarly unavailing. *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with

innocence, our answer is that by its verdict, the [fact-finder] has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

{5}    For the foregoing reasons, we affirm.

{6}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY**,   **Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**