This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 33,907**

**RAFAEL LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's order revoking his probation based on its finding that he committed domestic violence. Defendant argues that the district court improperly admitted statements against him under the excited utterance exception to the hearsay rule and that the evidence was insufficient to support the revocation. We hold that the district court did not abuse its discretion in admitting the hearsay statements and that the revocation of Defendant's probation was supported by sufficient evidence.

**BACKGROUND**

{2}     The State filed a petition to revoke Defendant's probation alleging in part that he violated a condition of probation by committing acts of domestic violence. The only witness at the revocation hearing was Officer Marcella Sanchez, who testified that she responded to a 911 call from Defendant's residence. When she arrived, she heard the voices of a man and a woman arguing. Defendant's girlfriend, Ms. Najeras (Victim), then ran out of the residence to Officer Sanchez. Officer Sanchez testified that Victim was distraught, upset, and crying. Victim told Officer Sanchez that she had an outstanding warrant and she wanted to be arrested to get away from Defendant.

{3}     Officer Sanchez further testified that Victim told her that Defendant beat her when she refused to have sex with him. Victim then lost consciousness, and, when she regained it, Defendant was standing over her holding an object to her head. Victim did

not see what Defendant was holding, but she heard a clicking noise and believed it was a gun. Victim told Officer Sanchez that Defendant threatened to kill her. Officer Sanchez also testified that she personally observed fresh bruising on Victim's face and that she felt "knots" on Victim's forehead and head. On cross-examination, Officer Sanchez testified that Victim smelled of alcohol and appeared to be intoxicated. Victim advised Officer Sanchez that she was addicted to heroin, and she became belligerent during booking and was yelling and banging on walls.

{4} Defense counsel initially objected in anticipation of the introduction of Victim's statements to Officer Sanchez on the basis that they were hearsay and that a probation revocation could not be based on hearsay alone. The district court overruled the objection until all evidence was heard. Following the presentation of evidence, defense counsel argued that admission of Victim's statements was barred by the Confrontation Clause because they were testimonial under *Crawford v. Washington*, 541 U.S. 36 (2004). Defense counsel also argued that the statements were unreliable because Victim was intoxicated when she made them.

{5} The district court found that Defendant's objection on confrontation grounds was untimely. The district court also rejected Defendant's hearsay challenge and found that Victim's statements qualified as excited utterances. *See* Rule 11-803(2) NMRA (stating that the rule against hearsay does not exclude "[a] statement relating

to a startling event or condition, made while the declarant was under the stress or excitement that it caused"). Based on the statements and Officer Sanchez' testimony of her own observations, the district court found that Defendant violated his probation and revoked his probation. Defendant now appeals.

**DISCUSSION**

{6}     Defendant originally raised two issues in his docketing statement relative to his probation revocation: (1) whether his due process right to confrontation was violated by the introduction of Victim's statements, and (2) if a confrontation objection was not preserved, whether trial counsel was ineffective for failing to make an objection on these grounds. Defendant has not argued either of these issues in his brief in chief. *See State v. Aragon*, 1990-NMCA-001, ¶ 5, 109 N.M. 632, 788 P.2d 932 ("All issues raised in the docketing statement but not argued in the briefs have been abandoned."). Defendant argues instead, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, that the district court improperly admitted Victim's statements under the excited utterance exception to the hearsay rule and that the evidence was insufficient to prove the probation violation.

{7}     We begin with Defendant's argument that the district court improperly admitted Victim's statements to Officer Sanchez under the excited utterance exception to the

4

hearsay rule. Defendant argues that Victim's statements to Officer Sanchez cannot fit the exception because they were not due to the stress or excitement of the events, but rather due to her state of intoxication. *See* Rule 11-803(2) (stating that the rule against hearsay does not exclude a "statement relating to a startling event or condition, made while the declarant was under the stress or excitement that it caused"). We review both the district court's evidentiary rulings and the revocation of Defendant's probation for an abuse of discretion. *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493; *State v. Neal*, 2007-NMCA-086, ¶ 36, 142 N.M. 487, 167 P.3d 935. To establish an abuse of discretion it must appear that the district court acted arbitrarily, unfairly, or committed manifest error. *See State v. Orquiz*, 2003-NMCA-089, ¶ 4, 134 N.M. 157, 74 P.3d 91.

{8}  We first note, however, that the rules of evidence do not apply to bar the admission of hearsay at a probation revocation hearing. *See* Rule 11-1101(D)(3)(d) NMRA (stating that the rules of evidence do not apply to proceedings "revoking probation or supervised release"); *see also State v. Green*, 2015-NMCA-007, ¶ 30, 341 P.3d 10 (recognizing that the rules of evidence do not apply to probation revocation proceedings). Rather, hearsay is admissible in a probation revocation proceeding if it has probative value. *See Neal*, 2007-NMCA-086, ¶ 42 (noting that "hearsay evidence may be used in probation revocation hearings if it has probative

value"). In this case, Victim's statements were probative of whether Defendant engaged in acts of domestic violence in violation of his probation. *See State v. Vigil*, 1982-NMCA-058, ¶ 23, 97 N.M. 749, 643 P.2d 618 (noting that evidence is probative if "it has the effect of proof; the item either proves or tends to prove" (internal quotation marks and citation omitted)). Therefore, the district court did not abuse its discretion in admitting them. *See Neal*, 2007-NMCA-086, ¶ 42 (finding no error in the admission of hearsay in a probation revocation proceeding where the evidence had probative value).

{9} However, Defendant's argument that the hearsay was unreliable is relevant to his separate challenge to the sufficiency of the evidence. "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *Leon*, 2013-NMCA-011, ¶ 36; *see Green*, 2015-NMCA-007, ¶ 22 (stating that "[p]roof of a probation violation need not be established beyond a reasonable doubt[,]" but rather "the violation must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation"). Defendant's argument that Victim was too intoxicated to give a reliable statement is an argument that the revocation was not based on a verified fact, and the evidence was therefore insufficient to prove the violation. *See Vigil*, 1982-NMCA-058, ¶ 13 (stating that when hearsay is challenged

6

in a probation revocation proceeding it goes to the sufficiency of the evidence and whether probation is based on verified fact). We disagree.

{10} The district court found that Victim's statements qualified as excited utterances, noting that, when she made the statements, she was upset and distraught and had just run out of the residence to police. We believe that this finding is adequately supported by Officer Sanchez' testimony that she heard voices of a man and woman still arguing when the officers arrived at the residence, Victim was extremely upset and crying, was frightened, ran out of the house toward the officers, and was willing to be arrested to get away from Defendant when she made the statements. *See State v. Mares*, 1991-NMCA-052, ¶ 35, 112 N.M. 193, 812 P.2d 1341 (determining that the district court did not abuse its discretion in finding hearsay to be reliable as an excited utterance where the evidence established that the victim was injured, crying, hysterical, and shaking when she made hearsay declarations because sufficient distress was established); *see also State v. Martinez*, 1982-NMCA-137, ¶ 14, 99 N.M. 48, 653 P.2d 879 ("The rationale for the excited utterance exception is that the exciting event induced the declarant's surprise, shock, or nervous excitement which temporarily stills capacity for conscious fabrication and makes it unlikely that the speaker would relate other than the truth."). The district court's finding that the statements qualified as excited utterances is a finding that they are inherently reliable because the excited

utterance exception to the hearsay rule is firmly rooted. *See State v. Guthrie*, 2011-NMSC-014, ¶ 36, 150 N.M. 84, 257 P.3d 904 (noting that hearsay may be inherently reliable when it conforms to proven exceptions to the hearsay rule); *State v. Salgado*, 1999-NMSC-008, ¶ 15, 126 N.M. 691, 974 P.2d 661 (noting that the excited utterance exception to the hearsay rule is firmly rooted). Accordingly, the district court could properly determine that the hearsay statements: occurred contemporaneously with the exciting event that was occurring at the residence when the officers arrived, were consistent with Officer Sanchez' independent observations, and could be considered as competent and reliable evidence of the probation violation that was charged.

{11} Defendant points to evidence that Victim was intoxicated when she made the statements, arguing that this rendered her incapable of making a reliable statement. However, whether Victim's level of intoxication affected the reliability of her statements was ultimately a matter for the district court to determine as the fact finder. We will not substitute our judgment on appeal where, as here, the district court's ruling was supported by the evidence. *See State v. Hernandez*, 1999-NMCA-105, ¶ 10, 127 N.M. 769, 987 P.2d 1156 (noting that the trial court has broad discretion in determining whether a statement qualifies as an excited utterance); *Martinez*, 1982-NMCA-137, ¶ 14 ("Determination of the admissibility of statements as excited

8

utterances is a matter within the sound discretion of the trial court, and will not be overturned in the absence of clear abuse."); *see also State v. Gonzales*, 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355 ("It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case."); *State v. Cooper*, 1998-NMCA-180, ¶ 30, 126 N.M. 500, 972 P.2d 1 (stating that "the fact finder was free to reject [the d]efendant's version of the facts").

**{12}** Moreover, Victim's statements were not the only evidence establishing that Defendant committed domestic violence. *See Vigil*, 1982-NMCA-058, ¶ 13 (stating hearsay cannot be the sole basis for a probation revocation). Apart from Victim's statements that Defendant beat her and threatened to kill her, the district court also specifically relied upon Officer Sanchez' personal observation that she heard the voices of a man and a woman arguing when she arrived, that Victim ran from the house frightened, and that Victim had fresh bruises and marks on her body and head. We believe that this evidence, in addition to the statements, is sufficient to support the district court's decision to revoke Defendant's probation. *See Green*, 2015-NMCA-007, ¶ 22 (stating that proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation").

**{13}** We therefore reject Defendant's assertions of error and affirm the district court.

**{14}**     **IT IS SO ORDERED.**


                                        _____
                                        **TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**M. MONICA ZAMORA, Judge**