This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42376**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FRANKIE JONES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals the district court's order revoking his probation and committing him to prison, arguing that the evidence was inadequate to prove he violated a condition of his probation by committing a battery. [BIC 10-13] Proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. "The burden of proving a violation with reasonable certainty lies with the State." *Id.*

**{3}** On appeal, we "view[] the evidence in a light most favorable to the State and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. "We review [the] district court's decision to revoke probation under an abuse of discretion standard. To establish an abuse of discretion, it must appear the district court acted unfairly or arbitrarily, or committed manifest error." *Green*, 2015-NMCA-007, ¶ 22 (alterations, internal quotation marks, and citation omitted).

**{4}** In the present case, Defendant was accused of throwing an orange at his brother, Jonathan Tsosie, that hit the back of Mr. Tsosie's head. This was the misdemeanor battery for which Defendant's probation was revoked in two cases on grounds that Defendant committed a new violation of law, pursuant to a zero tolerance repeat offender plea and disposition agreement. [(417) RP 105-11; 154-56; (470) RP 123-29, 168-70] Misdemeanor battery consists of "the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." NMSA 1978, § 30-3-4 (1963).

**{5}** The evidence showed that Mr. Tsosie called police to report the alleged battery. [BIC 6] The officer who responded to Mr. Tsosie's call, Deputy Farley, testified to the following at the probation revocation hearing. Mr. Tsosie told Deputy Farley that he was asleep with his then-girlfriend, Ms. Yellowhair, in his camper when he was awakened by Defendant, who had opened the camper door and was yelling at him to clean up after his dog. [BIC 7] Mr. Tsosie responded that he would get up and do it in a minute. Defendant said no and told Mr. Tsosie to clean it up now, then threw an orange at Mr. Tsosie that struck him on the back of the head. [9-5-24 CD 12:15:50-12:16:22; BIC 6] Deputy Farley noticed a wet or sticky spot on the back of Mr. Tsosie's head and remnants of an orange on his head, shoulders, and back. [BIC 6] Mr. Tsosie told Deputy Farley that he wanted to pursue charges against Defendant and would show up to court to testify. [Id.] When Deputy Farley questioned Defendant, Defendant admitted he was angry at his brother and threw the orange at him, but did not specifically say where he threw it. [BIC 6-7; 9-5-24 CD 12:16:24-12:16:36]

**{6}** Mr. Tsosie also testified at the probation violation hearing, where he changed his statement of events. Mr. Tsosie testified that he was arguing back-and-forth with his brother, who was calm and not yelling at him at all, but was "kind of mad." [9-5-24 CD 11:47:20-11:47:46 (1159_ segment)] Mr. Tsosie stated that Defendant told him to clean up after his dog and Mr. Tsosie got up to put on his shoes. [Id. 11:47:46-11:48:58] Mr. Tsosie testified that Defendant threw an orange at the tailgate. [BIC 7] Mr. Tsosie also

stated that, as he was putting on his shoes, his former girlfriend, Ms. Yellowhair, got out of bed, left the camper, picked up a piece of the orange, and threw it at the back of Mr. Tsosie's head, "just to play a joke or something." [BIC 7; 9-5-24 CD 3:19:53-3:21:13 (1204_ segment)]

{7}     The district court judge had follow-up questions for Mr. Tsosie. The judge asked Mr. Tsosie why he told the officer that Defendant threw the orange at him and asked Mr. Tsosie if he was lying then or if he was lying now. [BIC 7] Mr. Tsosie stated that he was not lying at all; he thought Defendant threw the orange at him, but, a few days later, Ms. Yellowhair admitted that she had done it. [Id.] The district court asked Mr. Tsosie why he did not contact Deputy Farley to correct his story, and Mr. Tsosie had no explanation. [BIC 7]

{8}     The district court, sitting as factfinder, specifically stated that it "did not find Mr. Tsosie's testimony to be credible on any level." [9-5-24 CD 9:50:31-9:50:40 (1219_ segment); BIC 9] The district court agreed with the defense that the evidence would not meet the standard for a criminal conviction, but ruled that the evidence met the standard for proving a probation violation. [9-5-24 CD 9:50:20-9:50:51 (1219_ segment)]

{9}     Before assessing the adequacy of the State's evidence to establish a probation violation, we observe that the Rules of Evidence do not strictly apply to probation violation hearings. *See* Rule 11-1101(D)(3)(d) NMRA (providing that, other than the rules on privilege, the Rules of Evidence do not apply to probation revocation proceedings). We also note there was no objection to Deputy Farley's testimony about Mr. Tsosie's prior inconsistent statements in district court or on appeal. In addition, Mr. Tsosie provided live testimony about his prior inconsistent statements and did not deny making those statements, which were probative of material facts. *See State v. Vigil*, 1982-NMCA-058, ¶¶ 16, 18-20, 97 N.M. 749, 643 P.2d 618 (stating that in probation revocation proceedings strict observance to the rules of law and procedure is not required, certain probative hearsay may be competent, and inadmissibility or incompetence may be waived by the failure to object to evidence, in which case, it may be considered if it is probative); *cf. State v. Guthrie*, 2011-NMSC-014, ¶¶ 2, 10-12, 40-41, 150 N.M. 84, 257 P.3d 904 (providing and evaluating the flexible due process requirements for probation revocation proceedings where there is a lack of live testimony on a hearsay statement and a potential need for confrontation). Thus, in our assessment of the sufficiency of the evidence, we consider Mr. Tsosie's prior inconsistent statement as substantive evidence that Defendant threw the orange at his head out of anger at Mr. Tsosie for not cleaning up after his dog when Defendant told him to do so.

{10}     Supporting Mr. Tsosie's original version of events are Defendant's admissions to Deputy Farley that he was angry with Mr. Tsosie and threw the orange at him. In addition, Deputy Farley's testimony describing the orange splatter and remnants he observed on Mr. Tsosie's head, shoulders, and back could be viewed as inconsistent with Mr. Tsosie's testimony that Ms. Yellowhair hit him with a piece of the orange that Defendant had previously splattered on Mr. Tsosie's tailgate. Also, Mr. Tsosie's

testimony about Defendant's reaction and Ms. Yellowhair's actions could reasonably be viewed as internally inconsistent and unrealistic. Indeed, the district court found Mr. Tsosie's testimony to be not credible at all. Where conflicting evidence is presented, we defer to the fact-finder to resolve such conflicts and determine where the weight and credibility lie. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *see also State v. Sutphin*, 1988-NMSC-031, ¶ 23, 107 N.M. 126, 753 P.2d 1314 ("A reviewing court may neither reweigh the evidence nor substitute its judgment for that of the [fact-finder]."). We are not persuaded that Mr. Tsosie's more recent version of events provided at the hearing constitutes grounds for reversal because the district court was free to reject his changed story. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the [fact-finder] is free to reject [the defense's] version of the facts.").

**{11** Viewing all the evidence in the light most favorable to the district court's conclusion, we hold that a reasonable mind could determine that Defendant committed a battery by throwing an orange at Mr. Tsosie's head in anger. *See Green*, 2015-NMCA-007, ¶ 22; *Erickson K.*, 2002-NMCA-058, ¶ 21; *see* § 30-3-4. Thus, we affirm the district court's order revoking Defendant's probation.

**{12}   IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**MEGAN P. DUFFY, Judge**